Boyd v. Murphy et al.

No. 14,255.

BOYD v. MURPHY ET AL.

STREET IMPROVEMENT.—*Defence to Precept.*—Upon an appeal from a precept, no question of fact can be tried which arose prior to the execution of the contract. Section 3165, R. S. 1881.

SAME.—*Letting Bids.*—The common council has the power to choose between bidders for street work, and when it has done so its decision is final.

SAME.—*Presumption.*—It will be presumed by the courts that the council, in letting a bid, acted in good faith and for the best interests of both the city and the property-holders, and that it exercised its discretionary power wisely.

SAME.—*Bid and Additional Contract.*—After bids are received, the council may let the contract to the highest bidder, upon condition that he perform extra street improvement, work not specified in the improvement ordinance and advertisement for bids, even though such extra work has never been ordered by the council, by any resolution or ordinance; and may assess abutting property according to the rate imposed upon it by such bid.

From the Hancock Circuit Court.

*S. E. Urmston* and *J. A. New*, for appellant.

*C. G. Offutt*, for appellees.

BERKSHIRE, C. J.—This is an appeal from a precept issued by order of the common council of the city of Greenfield to enforce the collection of an assessment in behalf of the appellees as contractors for street improvements.

The appellant demurred to the transcript filed as the complaint, but the court overruled the demurrer and he saved

an exception. He then filed an answer in three paragraphs, the second paragraph being the general denial.

The appellees submitted demurrers to the first and third paragraphs, which were sustained by the court, and the appellant reserved exceptions.

The appellant then withdrew the second paragraph of his answer, and, refusing to answer further, the court rendered judgment against him as upon a default.

The errors assigned by the appellant may be stated as follows:

1. It was error to overrule the demurrer to the complaint.

2. The ruling of the court in sustaining the demurrer to the first paragraph of answer was erroneous.

3. The court erred in sustaining the demurrer to the third paragraph of answer.

We find no substantive fact alleged in the first paragraph of answer. It alleges that the appellees constructed the work for which the assessment was made, to collect which the precept appealed from issued; that before the appellees entered upon the work the appellant gave them notice that he would not pay for the improvement, and that their contract was void.

The most that is in this paragraph of answer is indefiniteness of statement and barrenness of fact, and it is only necessary to add that it does not even tend to disclose a defence to the action.

The demurrers to the complaint and to the first paragraph of answer present substantially the same questions, and we will, therefore, confine ourselves to a consideration of the answer.

The third paragraph of answer is, in substance, that the city attorney caused notice to be given for bids from contractors for the construction of the work, in accordance with the plans and specifications under the ordinance set out in the transcript; that when the bids were opened the appellees,

bid was found to be $2.20 per lineal foot for the work, and that of John A. Dobbins $1.79 per foot; that with the bid of Dobbins was filed a good and sufficient bond in all respects as required by law, and his bid covered the entire work to be done the same as did that of the appellees; that the common council, recognizing that Dobbins was entitled to the contract, for the reason that his was the best bid, to avoid giving it to him, and that it might let the contract to the appellees upon their bid, by resolution resolved to let the work to the appellees if they would agree to construct gutters and sidewalks on the north side of said street to be improved, between east street and a certain bridge, and construct a certain water-way, free of cost to either the city or property-holders; that the appellees consented so to do, and they were awarded the contract; that no ordinance or resolution was ever passed by said council for the construction of said part of said sidewalk, gutters and water-way; nor was any notice given asking for bidders upon said work; that no such proposition as that made to the appellees by said resolution was ever submitted to said Dobbins or to any one else; that the cost of said additional work was $500, thus increasing the cost of the improvement, as provided for in the ordinance, thirty-one cents per foot over Dobbins's bid; that two separate written contracts were executed with the appellees by said council, one to do the work provided for in the ordinance at the price of $2.20 per lineal foot, the price named in the bid of the appellees, and the other to do the extra work as provided in the said resolution for the nominal sum of $1.

It is not contended that all the proceedings from the beginning down to the time at which the said resolution was adopted for the construction of the extra sidewalks, gutters, etc., were not entirely regular.

The theory of the answer seems to be that when the additional work became a factor in the contract with the appellees, the subject of the contract was so different from

the improvement contemplated by the ordinance therefor, and the notice to bidders, as not to be within the jurisdiction conferred by the one, nor within the scope of the other.

We are not inclined to this opinion. There is no question but that the common council had the power to choose between bidders, and when it had done so that its decision was final. Had it let the contract to the appellees without requiring the additional improvements, its action would have been conclusive. This being true, we are unable to understand any ground of complaint, because by the contract, as made, additional benefits were secured to the city and its property-holders. If the council arrived at the conclusion that the bid of the appellees was the best bid and at the same time could secure the additional sidewalks and gutters, and the water-way, without extra cost to the city, it was eminently proper that it do so.

We must presume that in its action the council acted in good faith and for the best interests of both the city and the property-holders, and exercised its discretionary powers wisely, and therefore accepted the bid of the appellees because it was the best bid, though not the lowest, and made the proposition for the construction of the additional improvements with the view of securing additional benefits to the city and its property-holders.

But, again, it must not be forgotten that this is an appeal from a precept, and that no question of fact can be tried which arose prior to the execution of the contract. Section 3165, R. S. 1881.

The questions which the appellant raises depend upon a state of facts which antedate the contract. But counsel for the appellant make the point that the same section of the statute requires the court or jury called upon to pass upon the issues joined to find " that the proceedings of such officers subsequent to said order directing the work to be done, are regular." Counsel have not quoted the entire sentence; the

sentence, as a whole, explains itself. The remaining part of the sentence reads as follows: "that a contract has been made; that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon. Then said court shall direct the property to be sold and conveyed by the sheriff thereof as the said treasurer is hereafter directed to sell and convey property liable to street improvements."

The contention of the appellant is in the teeth of the statute, and we may add that every question arising in the record has been thoroughly settled adversely to the appellant by the decisions of this court. See *Sims* v. *Hines,* 121 Ind. 534; *City of Elkhart* v. *Wickwire,* 121 Ind. 331; *Jenkins* v. *Stetler,* 118 Ind. 275; *Ross* v. *Stackhouse,* 114 Ind. 200, and cases cited.

The judgment is affirmed, with costs.

Filed Nov. 12, 1890; petition for a rehearing overruled Feb. 4, 1891.