City of Connersville *v.* Merrill *et al.*

Judgment affirmed.

Ross, J., absent.

Filed January 31, 1896.

---

No. 1,375.

## CITY OF CONNERSVILLE *v.* MERRILL ET AL.

PLEADING.—*Complaint.*—*Public Improvement.*—*Foreclosure of Lien.*—*Sidewalk.*—The averment in a complaint, in an action to foreclose an assessment lien for a sidewalk improvement, that the ordinance for the improvement was enacted "by a two-thirds vote of her common council," is a sufficient averment of compliance with section 4292, R. S. 1894, providing that the common council, with the concurrence of two-thirds of the members, must order the improvement.

PUBLIC IMPROVEMENT.—*Sidewalk.*—*Notice to Bidders.*—*Assessment.*—An assessment for a sidewalk improvement is not invalid because the notice to bidders, required by section 4288, R. S. 1894, was published in only one newspaper, whereas the ordinance provided for two, as the statute only requires publication in one newspaper.

SAME.—*Sidewalk.*—*Assessment.*—*Tax Duplicate.*—The assessments for sidewalk improvements are not required to be on the tax duplicate, where no waiver is filed, as provided by section 4294, R. S. 1894.

SAME.—*Sidewalk.*—*Ordinance.*—*Specifications.*—It is not necessary to set out the detailed specifications in an ordinance for a sidewalk

City of Connersville *v.* Merrill *et al.*

improvement, under section 4289, R. S. 1894, requiring the ordinance ordering a street improvement to state the kind, size, and location, and designate the terminal points of the walks.

SAME.—*Sidewalk.*—*Ordinance.*—*Material.*—An ordinance for a sidewalk improvement is not invalid for uncertainty because it provides that the improvement shall be made of such one of three kinds of stone enumerated therein, as shall be determined by the common council on reception of bids.

SAME.—*Sidewalk.*—*Statute Construed.*—*Manner of Collecting Assessment.*—The word "hereinafter," in the clause of section 4292, R. S. 1894, "the expenses thereof to be assessed and collected as hereinafter provided when petition is made," means "in this act," and the remedy given by section 4288, for the collection or foreclosure of liens of assessment for sidewalk improvements, is available to the city, although the improvement is not made on petition.

SAME.—*Sidewalk.*— *Estimate and Assessment.*— *Omission.*— *Estoppel.*—A property owner cannot complain of the omission, in the estimate and assessment for a sidewalk improvement, of the cost of sidewalks within the improvement district constructed by the property owners, before the letting of the contract, in accordance with the plans and specifications adopted for the work, where no such objection was made, under section 4294, R. S. 1894, providing for the hearing of objections to the report of the engineer, and the improvement ordinance provided that such owners shall be deemed to have complied with the ordinance, as section 4291 provides that the owners are entitled to a reasonable allowance, to be determined by the engineer, for such improvement.

From the Fayette Circuit Court.

*L. L. Broaddus,* for appellant.

*R. Conner, H. L. Frost, D. W. McKee* and *J. I. Little,* for appellees.

DAVIS, J.—This action was instituted by the appellant against the appellees, to foreclose an assessment lien for the improvement of a sidewalk, amounting to $286.85, under the act of 1889 and the amendments thereto in 1891. Elliott Supp., section 812 to 822, inclusive; Acts 1891, page 323; sections 4288 to 4298, R. S. 1894.

In the court below a demurrer was sustained to the

complaint.   This ruling is the basis of the only error assigned in this court.

The first objection urged by appellees to the complaint is that it fails to show that the ordinance or resolution for the improvement was passed by the requisite two-thirds vote of the common council.

The statute provides that:   "The common council of such city" * * "with the concurrence of two-thirds of the members thereof, may order" the improvement. Section 4292, R. S., 1894.

The complaint avers that the ordinance for the improvement was enacted "by a two-thirds vote of her common council."   The complaint, in our opinion, is sufficient in this respect.

The statute provides that the common council may cause the improvement to be done by contract given to the best bidder, after advertising for three weeks in some newspaper of general circulation published within the city.   Section 4288, R. S. 1894.   The complaint discloses that the ordinance provided for the publication of the notice in two newspapers, and that it was, in fact, published only in one of the papers specified. Relying on *Taber* v. *Ferguson*, 109 Ind. 227, counsel for appellees insist that the complaint is bad because of the failure to publish the notice in two newspapers.

The statute on which that decision is based provided that "The common council may cause the same to be done by contract given to the best bidder, after advertising to receive proposals therefor."   Section 3162, R. S. 1881.   It will be observed that that statute did not prescribe the notice that should be given.   In that case, however, the court says:   "We suppose that if the common council does all that the law requires, the pro-

ceedings should not be nugatory because it failed to do something that it had itself superadded."

In this case the notice which was given was all that the statute required, and, therefore, the objection under consideration is not well taken. *Sands* v. *Hatfield*, 7 Ind. App. 357; *Sims* v. *Hines*, 121 Ind. 534; *Reeves* v. *Grottendick*, 131 Ind. 107; *De Puy* v. *City of Wabash*, 133 Ind. 336.

The next objection is that the complaint wholly fails to show that the assessments for this sidewalk improvement were put upon the tax duplicate by the treasurer. This is only necessary where the waiver is filed as provided in section 4294, R. S. 1894. In this case it appears that the appellees had not filed the waiver, and, therefore, were not entitled to the benefit of paying the assessments in installments.

Counsel for the appellees insist that the complaint is defective because the ordinance in question makes no pretension of stating the detailed specifications for the construction of the sidewalks thereunder. The statute provides that the ordinance "shall state the kind, size, location and designate the terminal points thereof." Section 4289, R. S. 1894.

It was not necessary to set out the detailed specifications in the ordinance. *Dugger* v. *Hicks*, 11 Ind. App. 374.

Another objection is uncertainty in the ordinance.

The ordinance, as alleged in the complaint, provides that said improvement should be made of either free or limestone flagging, or of artificial cement stone, as the common council might determine on reception of bids therefor, and also specifies the size, location and terminal points of the improvement. *Taber* v. *Grafmiller*, 109 Ind. 206.

It is also alleged that the common council afterwards,

in due and regular manner, let the contract for the improvement "for the sum of sixteen and one-half cents per square foot, that being the lowest and best bid therefor on artificial cement stone sidewalk, and the lowest and best bid for either free or limestone or cement stone walk." The general character of the walk was to be of stone. Bids were invited on three different kinds of stone. When the bids were received, the cheapest stone sidewalk provided for in the ordinance was selected. In other words, the improvement was made of one kind of material specified in the ordinance, and for the lowest bid that could be secured for either class of materials therein designated.

There was no uncertainty in the material to be used, so far as the bidders were concerned. Thus the bidders were put upon an equality, and the city and the property owners had the benefit of competition on each brand or special kind of the general material to be used. They were invited to submit bids for the improvement on three different kinds of material. The bids were made on this basis, and the lowest and best bid for either kind of improvement, that is to say, the lowest bid for artificial cement stone was accepted.

Counsel for appellees insist that "they do have the right to complain of the omission in the estimate and assessment of the cost of sidewalks between First and Twelfth streets, constructed by the property owners themselves, which was not reported and estimated in the engineer's assessment." The facts upon which this contention is based do not appear in the complaint. It is claimed, however, that they are shown by certain exhibits filed with the complaint. The property-owners are entitled to a reasonable allowance, to be determined by the engineer, for such improvements. Section 4291, R. S. 1894.

The ordinance provided that the owners of any lots abutting on the sidewalks within the limits defined, who should, before the letting of the contracts thereunder, "grade, repair, improve and pave the sidewalks adjacent to their said lands, in accordance with the plans and specifications herein adopted, and to the acceptance of the city civil engineer, shall be deemed to have complied with this ordinance."

The notice, as required in section 4294, R. S. 1894, was given. This section provides that any person feeling aggrieved by the report of the engineer shall have the right to appear and make objection thereto, and shall be accorded a hearing thereon.

The appellee, Ann Merrill, the owner of the life estate in the real estate in controversy, appeared before the committee, made her objections to the report, and was granted a hearing thereon. No objection was then made on account of the omission of the property along which the owners had constructed their sidewalks.

Therefore, assuming that the omission referred to exists, we are inclined to the opinion, under the circumstances, that the entire proceedings are not rendered invalid for that reason. If the sidewalks of such property-owners were improved before the contract was let, in accordance with the plans and specifications provided for in the ordinance, to the acceptance of the engineer, the appellees were not injured by reason of the failure to include such property in the estimate and assessment. The appellee was only charged sixteen and one-half cents per square foot for the improvement of her own sidewalk.

It is averred in the complaint "That said contractors proceeded to, and did, make such sidewalk and improvement, including the sidewalk abutted by the defendant's said real estate, and completed the same in accordance

with said contract and ordinance, and to the full satis-
faction and acceptance of the common council of said
city, and plaintiff has fully paid such contractors for
said improvement, as was contemplated and provided
for in said ordinance."

The last contention of counsel for the appellees is that
the city cannot collect or foreclose the lien of the assess-
ment because of the payment to the contractor for said
improvement. In other words, that the city has no
remedy for the payment made on account of the
improvement of the sidewalk abutting on appellees'
property.

It is insisted that the city cannot recover under the
provision of section 4288, R. S. 1894, on the ground
that the remedy therein given is only applicable where
the improvement has been made on petition. It is
insisted that, under section 4292, R. S. 1894, the con-
tractors only may collect the assessments as provided in
sections 4294 and 4298, R. S. 1894. Section 4292,
supra, provides that the common council may cause
"the expenses thereof to be assessed and collected as
hereinafter provided when petition is made."

Section 4294, supra, provides that "the same may be
collected according to the provisions of amended section
10 of this act, or the contractor or his assignee may
foreclose such assessment as a mortgage is foreclosed,"
etc. Section 4298, supra, provides for the collection by
the contractor by precept. See, also, section 4290, R.
S. 1894.

The contention of counsel for appellees is based on
the word "hereinafter" in section 4292, supra. The con-
cluding part of the section is copied from section 70 of
the old law. Section 3627, R, S. 1894. In construing
the word "hereinafter" in the concluding part of this sec-
tion, the Supreme Court, in the City of Lafayette v.

*Fowler*, 34 Ind. 140, held that it should be read as though the words *in this act* were used instead of the word "hereinafter."

Under the first part of section 4292, *supra*, the city may cause the estimates to be made, from time to time, of the amount of work done by the contractor to be paid out of the treasury, and that the lien of the assessments shall be in favor of the city to secure to the city the reimbursement for such cost of improvement "hereinafter provided for." The words, "such contract," in the first part of the sentence evidently refer to the improvement mentioned in the preceding section, and the word, "hereinafter," in the closing part of the sentence, evidently refers to the same improvement. The words, "when any such contract," with which the sentence begins, certainly do not refer exclusively to improvements provided for in the following section. When the provisions of the different sections are considered in the light of the construction given the word "hereinafter" in *City of Lafayette* v. *Fowler, supra,* we are of the opinion that the word "hereinafter" should be used as though the words "in this act" were used and that the liens of the assessments, to the extent, at least, that the same are paid by the city, are in favor of the city, and that the city may enforce the collection thereof.

The complaint, in our opinion, contains facts sufficient to constitute a cause of action, and, therefore, the demurrer, on the ground that the complaint "does not state facts sufficient to constitute a cause of action," should be overruled.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed February 11, 1896.