CASE 65—PETITION ORDINARY TRANSFERRED TO EQUITY—

JUNE 6.

# New Albany Woolen Mills v. Lewis.

APPEAL FROM WARREN CIRCUIT COURT.

1. CHATTEL MORTGAGE ON MERCHANT'S STOCK OF GOODS AND CREDITS. PRIORITY.—A mortgage by a merchant on his stock of goods and credits, which provides that the mortgagee may, under certain circumstances, have possession of same, but stipulating that until he does take such possession, the mortgagor is to retain the control and possession of the property, to be used by him in the usual course of business and to apply the proceeds of all sales to the satisfaction of the debts secured by the mortgage, is valid and enforceable; and where the mortgagor, in carrying on such busi-

ness sells goods on credit, the mortgagee has a prior lien on such claim as against the other creditors of the mortgagor.

J. McKENZIE MOSS AND WRIGHT & McELROY FOR APPELLANTS.

1. Money is due on goods shipped by a mortgagee (to a purchaser), the day following his taking possession of the mortgaged property. If the title to the goods did *not* pass to appellants, then they held a mortgage lien upon them and in a contest with an *attaching creditor*, the mortgage lien is prior and appellants are still entitled to the money. The fact that a mortgagor retains possession of the mortgaged property *does not render it void*. (Coffey on Mortgages, secs. 508, 250; Nat'l Bank of Commerce v. Morris, 21 S. W. Rep., 511.)

W. E. GARTH FOR APPELLEE.

1. The conveyance called a mortgage is void against the creditors of the mortgagor and was made to defraud all other creditors besides the mortgagee.

2. The conveyance is constructively fraudulent as against creditors because it was made to secure a pre-existing debt.

3. The appellee is a citizen of Kentucky, the money was attached in the hands of another citizen of Kentucky, the mortgage was made and recorded only in another State, and even though such conveyance would be held valid where made, still it can not prevail, nor be enforced against the claim and lien of the attaching citizen of this State.

4. The most essential element of any lien upon personal property is for its immediate possession to accompany the transfer, and if possession is abandoned the lien is lost. (*Ex parte*, Foster, 2 Story (U. S.), 131.) The lien claimed in this action must be construed by common law principles, because made in another State and, according to that, possession is a necessary element to enforce it against a creditor. (2 Kent's Coms., p. 638.)

5. This conveyance, even if valid where made, can not be enforced against a fund attached by a citizen in this State, within its jurisdiction. (Johnson v. Parker, 4 Bush, 149.)

6. The principle of comity does not require our courts to recognize and enforce to the prejudice of our own citizens conveyances made by insolvent debtors under the laws of another State. (Coflin v. Kelling, etc., 83 Ky., 649; Burrilon Assignments, secs. 302, 306, 307, 310, 4th ed.; Hoyt v. Thomson, 6 N. Y., 320; Osborne v. Adams, 18 Pick., 248; Booth v. Clark, 17 How., 322.) A conveyance made in another State preferring a creditor in that State will not be disturbed, unless by this preference, some citizen of

this State will be injured   (Mathers, &c., v. Lloyd, trustee, &c., 89 Ky., 625.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The appellee sued the New Albany Clothing Co., a non-resident corporation, in the Warren Circuit Court, to recover on an account for services as a traveling salesman, claiming the sum of $270.

The petition contains a prayer "for a general attachment herein, to be levied on any of defendant's property in this State, and that J. E. Burch be summoned to answer as garnishee herein, and to state what amount he owes said defendant."

The record, however, does not show that the affidavit and bond required in such cases were made and executed, nor does it show that any attachment was actually issued.   But the answer of J. E. Burch as garnishee is copied in the record, in which it was admitted that he owed the New Albany Clothing Co. $230 for goods purchased from the company "at their place of business in New Albany, Indiana, for which goods he agreed to pay said New Albany Clothing Co. the sum of $230 on the 15th day of November, 1893." No notice was taken by counsel for the appellants in their brief of the absence of the affidavit and bond and attachment, and we may assume that they are in the original papers of the case, although not copied in the record before us.

The New Albany Clothing Co. was not actually summoned, and made no defense to the claim set up in the petition.   The appellants, however, were admitted on their petition as defendants and claimants of the property of the defendant company, and afterwards by amended answer

New Albany Woolen Mills v. Lewis.

set up a mortgage executed to them by the defendant company on all of its property, alleging that the goods sold and shipped to Burch were part of the goods embraced in their mortgage, and claiming the amount due from Burch for the goods by virtue of the said mortgage, and on their motion the case was transferred to equity.   On final hearing the court below sustained the attachment of the appellee, and adjudged in substance that he was entitled to the money owing by Burch for said goods under his attachment, and dismissed the claim of the appellants, and gave judgment against them for costs in favor of the appellee.   From that judgment this appeal is prosecuted.

The instrument of writing executed by the New Albany Clothing Co., under date of August 14, 1893, to the appellants, is on its face a mortgage of the property and credits of the said company to secure the debts it owed to the appellants, aggregating the sum of $28,857.83.   The mortgage was executed and recorded in Floyd county, Indiana, where the company was engaged in business under its charter, and the debts intended to be secured by the mortgage were all created before it was executed.   It was provided in the mortgage that under certain circumstances the mortgagees (the appellants) might "take, have and hold the absolute and exclusive control and possession of the property, rights and credits hereinbefore mentioned," and might "sell the same at public or private sale, upon reasonable notice," to satisfy and discharge the indebtedness secured by the mortgage.   After this provision the following stipulations were made: "It is further stipulated and agreed between the parties hereto that until such time as the said parties of the second part, or either of them, shall choose to take the possession and control of said property hereby

mortgaged, sold and transferred to them, the said party of the first part may retain the possession and control of said property, and may use such property in the usual course of its business, or may sell or dispose of any part of the same in the usual course of trade and business, keeping an account of all such sales and transfers, and applying the proceeds thereof to the payment and satisfaction of the indebtednesss hereby secured, and accounting to said parties of the second part, at any time and upon demand, for said proceeds of such sales."

The transaction was not a secret one, and there is nothing shown in this record that in the slightest degree impugns the good faith of the parties to it. They are not chargeable with a fraudulent purpose or intent by reason of the fact that the mortgagor retained possession of the mortgaged property, nor was there fraud in the attempt to secure the debts owing by the company to the appellants, even though the debts were in existence, and some of them were due at the time the mortgage was made. And although the statute of this State affords a remedy to an excluded creditor in case a debtor, in contemplation of insolvency, by mortgage or assignment, attempts to prefer one or more of his creditors, yet a mortgage or assignment made for such a purpose is not on that account fraudulent and void, but may be enforced for the exclusive benefit of the preferred creditors, unless the excluded creditor commences action within six months after the act of preference. (Whitehead v. Woodruff, 11 Bush, 209; German Bank v. Jefferson, 10 Bush, 326.)

There was no attempt to show that the mortgage was void or even voidable as an attempt to prefer creditors under the laws of the State of Indiana, and counsel for the appellee

has failed to show that it is opposed to the general policy of the laws of this State in this regard.

It conclusively appears from the evidence that in pursuance of the stipulations of the mortgage the appellants took possession of the mortgaged property through the Fidelity Trust and Safety Vault Co. on the 9th day of November, 1893, and W. C. Nunemacher, who was the treasurer of the mortgagor company, was appointed the active agent of the appellants to take charge of the mortgaged property and conduct the business in selling and disposing of the property. Previous to that time, however, the goods were being disposed of, under the stipulations of the mortgage, in the regular course of business, by the mortgagor company through its officers or agents, for the benefit of the appellants. And about the last of October or the first of November the said J. E. Burch, who was engaged in mercantile business in Bowling Green, purchased a bill of goods amounting to $230, as stated in his answer as garnishee and in the testimony of Nunemacher, the latter being then in charge of the business in the manner above indicated. But the goods purchased by Burch were not shipped to him until the 10th day of November, the day after the appellants took possession of the property as above stated. And according to Nunemacher's testimony the goods shipped to Burch were on hand at the time the mortgage was executed, and were included in the schedule of property embraced in the mortgage. And notwithstanding the fact that Burch did not know, as testified by him, that the mortgage was in existence at the time of his purchase, and the further fact that they were billed to him in the name of the New Albany Clothing Co., still it is clear that the appellants then had a lien on them under their mortgage, and the sale of them to

Burch was actually made by Nunemacher, who was then conducting the business and disposing of the mortgaged property, as the agent of the appellants and for their benefit. It follows from this that the appellants were entitled and are still entitled to the money owing by Burch for the goods purchased by and shipped to him, and that their claim is superior to the claim of the appellee under his attachment.

For the foregoing reasons the judgment of the court below is reversed, and the cause remanded, with directions to discharge the attachment of appellee as to the money garnisheed in the hands of Burch, and to require Burch, the garnishee, by appropriate orders, to pay the same to the appellants.