24    APPELLATE COURT OF INDIANA,

Indiana Truck Farm Co. *v.* Town of Schneider—74 Ind. App. 24.

---

INDIANA TRUCK FARM COMPANY *v.* TOWN OF SCHNEIDER ET AL.

[No. 10,789. Filed October 28, 1920.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Sidewalks.* —*Declaratory Resolution.*—*Validity.*—*Certainty.*—A declaratory resolution for the construction of a cement sidewalk is not void for uncertainty because it provides for a foundation of "cinders, sand or other equivalent material," the alternative materials merely giving lot owners and contractors an option to use the most available materials in the foundation which

Indiana Truck Farm Co. *v.* Town of Schneider—74 Ind. App. 24.

in no way affected the requirement that a cement wall be constructed. (*City of Bluffton* v. *Miller* [1904], 33 Ind. App. 521, distinguished.)    p. 27.

2. MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Sidewalks.*—*Declaratory Resolution.*—*Validity.*—A declaratory resolution for the construction of a sidewalk adopted by a town board of trustees pursuant to §9005a Burns 1914, Acts 1913 p. 744, is not void because the grade for the sidewalks had not theretofore been established, as recited in the resolution, which provided for construction according to plans and specifications on file in the clerk's office, where it appeared that, previously to the adoption of the resolution, the engineer for the town had delivered to the clerk for the use of the board profiles and specifications from which the grade line of the proposed walk could be determined.    p. 28.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Sidewalks.* — *Contract Covering Separate Improvements.*— *Validity.*— Where a town board of trustees adopted separate declaratory resolutions for the construction of three connecting portions of sidewalk, a single contract covering all portions of the work was not invalid.    p. 29.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Sidewalks.* —*Contract.*—*Validity.*—*Establishment of Grades by Engineer.* —A contract for the construction of a sidewalk which authorizes the establishment of grades and the making of cuts under the direction of the engineer is not invalid as delegating discretionary powers to him, where a further provision gave the engineer full supervision according to the plans, so that his duties were thereby wholly ministerial.    p. 29.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Sidewalks.* —*Contract.*—*Validity.*—*Plans and Specifications.*—*Requisites.* —Since §9005e Burns 1914, Acts 1913 p. 749, authorizing foreclosure of a sidewalk constructor's lien on each lot for an amount sufficient only to cover the cost of the walk in front of that lot, was repealed by Acts 1917 p. 683 (§9005e Burns' Supp. 1918), which provided a different method of procedure, a contract for the construction of sidewalk was not invalid because the plans and specifications did not determine in advance the area of the walk and the volume of cuts or fills in front of each lot, as required under the original statute.    p. 30.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by the Indiana Truck Farm Company against the town of Schneider and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*J. Will Belshaw, Frank B. Patee* and *Herbert T. Johnson,* for appellant.

*George E. Hershman, Victor K. Roberts* and *Edwin F. Knight,* for appellees.

NICHOLS, J.—Action by appellant to enjoin appellees from proceeding with the construction of a cement sidewalk ordered by the town of Schneider, and to be built by appellee Eugene H. Crowell, as contractor, and to enjoin the levying and spreading of assessments of benefits therefor upon appellant's real estate and to decree the steps subsequent to the declaratory resolutions by appellee town invalid. The issues were formed by an amended complaint, to which appellees answered by general denial. The complaint is quite long and it is not necessary to set it out for the purposes of this decision. The case was submitted to the court for trial, and there was a finding and judgment in favor of the appellees that appellant take nothing by its complaint.

The error assigned and relied on for reversal is that the court erred in overruling the motion for a new trial. This motion is based on two grounds, namely, that the decision is not sustained by sufficient evidence, and that the decision is contrary to law.

It appears by the evidence that on August 2, 1917, the town board of appellee town passed declaratory resolution No. 1 for the construction of a sidewalk in said town. At the same time the said board passed declaratory resolutions Nos. 2 and 3 for the construction of two other pieces of sidewalk connecting with, and extending on beyond, the work involved in the first declaratory resolution, the last two being like the first except as to the description. In due course of procedure, and after the landowners whose lands abutted on the proposed improvement had been notified to construct as provided in §3, Acts 1913 p. 749, being §9005c

Burns 1914, and after they had failed so to construct, on July 15, 1918, appellee town entered into the contract involved with appellee Crowell for the construction of the sidewalks described in the declaratory resolutions aforesaid.

Appellant complains that the resolutions were void for uncertainty in that they required the sidewalk to be laid on a suitable foundation of *"cinders, sand or other equivalent material"* and that it be made of crushed stone or gravel. There is no uncertainty here of which appellant may complain. Had it chosen to construct the part of the improvement in front of its property, as it had a right and opportunity to do, it had its option to use as a foundation or base, and in making the sidewalk, any of the materials specified, all of which are in common use and unpatented and, because of the choice of material which it might have used, such an option, because of convenience, might have been much to its advantage. As to the bidders, there was no uncertainty. All bidders were on an equality, and if one material was more easily obtainable than the others, it was necessarily so to all bidders, and the property owners had the benefit of it in the unrestrained competition in bidding. It clearly appears that the contract was let to the lowest bidder and there is no charge in the complaint or no proof of any fraud in the transaction. A similar question was decided against appellant's contention in *City of Connersville* v. *Merrill* (1895), 14 Ind. App. 303, 42 N. E. 1112. The case cited is distinguished from *City of Bluffton* v. *Miller* (1904), 33 Ind. App. 521, 70 N. E. 989, in that the general character of the walk was to be of stone, while in the Bluffton case the materials in the various kinds of improvements were entirely different, requiring different specifications. The case at bar, like the Connersville case, makes no substantial variation in the kind of material to be used

for the sidewalk; in either event a cement sidewalk was to be constructed, the choice being between a crushed stone or a gravel filler, both materials being unpatented and in common use. See also *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321.

The declaratory resolution provided that "the surface of said walk shall be laid according to the grade heretofore established by the board of trustees of said town," but appellant says that no grade had been previously established. The resolution provides for construction "according to the plans and specifications for said walk, now on file with the clerk in the clerk's office in the town of Schneider, Indiana; that the surface shall be laid according to the grade heretofore established by the board of trustees." The notice for bids states that at the time of adopting the declaratory resolution the board "immediately adopted and required to be placed on file in the office of the town clerk of said town detailed plans and specifications of said sidewalk." Witness L. J. Little, the engineer who drew the profile, says that he had it ready for them when they said they wanted it in their August meeting in 1917; that he had three sets of specifications ready for them, which he delivered to the town clerk at or before the August meeting. This was certainly some evidence of the proper adoption of the plans and specifications, which was all the statute required. Witness Little further testified that from the profile he would be able to determine various cuts and fills, at the various places, and the grade line of the proposed sidewalk, and the relative proportion of the sidewalk to each lot. We find no uncertainty of which appellant may complain, or that would render the proceedings void.

There is no merit to the objection to the contract that it included the three jobs in one contract. If the trustees, in their discretion, determined that the work could

be done to the best advantage, and for the least cost, under one contract, it was proper for them to act accordingly. *Martindale* v. *Town of Rochester, supra; Boyd* v. *Murphy* (1891), 127 Ind. 174, 25 N. E. 702.

Appellant says that the contract is void for the reason that it is contrary to public policy in this, that the contractor is to establish grades and make cuts according to and under the direction of the engineer in charge, citing as authority *City of Bluffton* v. *Miller, supra.* In that case it was held that a contract for a street improvement which left the character of the improvement and the nature of some of the materials to be used to the determination of the engineer was invalid. The court, quoting from *Smith* v. *Duncan* (1881), 77 Ind. 92, held that: " 'The law does not contemplate the delegation of such powers to that officer.' " We fully agree with the principle announced, but in this case the same provision of the contract from which appellant takes its statement of the powers of the engineer above mentioned says further on that "said engineer shall have full supervision over the entire work and the direction of the same *according to the plans, profile and specifications herein referred to.*" By this, it is clear that there was no delegation of discretionary powers, and that the engineer's supervision and decisions must be in accordance with the plans, profile and specifications which had theretofore been adopted. His duties were wholly ministerial, as his acts were wholly controlled by the plans, profile and specifications. The question has been determined against appellant in *Martindale* v. *Town of Rochester, supra.* It is expressly provided in §21 of the specifications that "in the interpretation of the specifications the decision of the Board Trustees of Schneider, Indiana, shall be final."

It is next contended by appellant that as the statute

under which the sidewalks were ordered as originally enacted contemplated the foreclosure of a lien by the contractor on each separate lot for an amount sufficient only to cover the cost of the sidewalk in front of that lot, in order to determine such cost, it was necessary to determine in advance, in the plans and specifications, the area of the walk, and the number of cubic yards of cuts or fills or of both, as the case might be, that would be required in constructing in front of each lot. The engineer testified in substance that these items could be determined from the profile; but whether they could or not does not need our consideration, for the foreclosure method of procedure referred to by appellant, as provided in §9005e Burns 1914, was repealed by Acts 1917, ch. 173, p. 683, §9005d *et seq.* Burns' Supp. 1918, and a method of procedure adopted in accord with the act concerning municipal corporations, approved March 6, 1905, and the acts amendatory thereof. It is presumed that the board of trustees had before it the act of 1917, and it appears that so far it has acted in harmony therewith. We do not need to discuss in this case a condition arising in the event that certain property owners having walks to build where there would be comparatively no cuts or fills required had put in their walks, while those having deep cuts or heavy fills to make failed to construct, for none of the property owners constructed, and the whole continuous sidewalk, without a break by reason of any one of the property owners having constructed, was to be constructed under the contract as provided in the act of 1905, *supra,* and the acts amendatory thereof.

The evidence was sufficient to sustain the decision of the court, and it was not contrary to law. Judgment affirmed.