**HOUCK et al. v. EASTCHESTER PUBLIC UTILITY DISTRICT et al.**

Nos. A–6690, A–6705.

District Court, Alaska.
Third Division, Anchorage.

May 19, 1952.

---

Harold J. Butcher, Anchorage, Alaska, for plaintiffs.

Kay, Robison & Moody, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

·The plaintiffs in the foregoing class ·actions; as residents and taxpayers, seek to enjoin the. collection of taxes levied on real and personal property and the ·sale thereof to satisfy the tax liens, and to obtain a refund of the taxes already paid, on the ground of invalidity of the levies.

The defendant public utility districts were organized under Sec. 49–2–1 et seq., A.C.L.A.1949. Sec: 49–2–21, as amended by Chap. 21, S.L.A.1951, empowers such districts to construct, maintain and operate dams, reservoirs, powerhouses, power structures, transmission lines, waterworks, telephone systems, light plants and other facilities. Sec. 49–2–28 provides, so far as pertinent, that:

"The Board of Directors shall have the power to levy and collect taxes upon all real and personal property within the limits of the District * * All monies collected by such taxation shall be expended in payment of the costs of levying and collecting such taxes; in the payment of the cost of conducting Public Utility District elections, and for the construction, operation and maintenance of public improvements only. All taxes levied and assessed shall be in conformity with a resolution adopted by the majority of the whole Board of Directors and entered on the minutes of the Board at a meeting called for that purpose. At least ten days' notice shall be given by posting notice of such meeting [in] at least three public places in the District. Said Board is hereby empowered to prescribe rules for the annual assessment and levy of

taxes and by such rules to fix the dates when such assessment shall be annually made; the mode and manner of assessment; when the taxes may become due", etc.

It appears that these districts have a combined population of 15,000 to 20,000 people who were compelled to organize as public utility districts because of the failure or refusal of the City of Anchorage to annex the territory embraced therein, although adjacent to it, and extend to them the ordinary municipal facilities. The only source of water supply in these districts is subterranean, the contamination of which, by sewage from cesspools is, of course, coextensive with that of the slowly moving water table. The contamination has reached the danger point and constitutes a menace to public health. It is not surprising, therefore, that the construction of a water system was first and foremost in the minds of the residents of each district.

Pursuant to the powers conferred, the defendants have levied taxes on real and personal property. In the cases of Eastchester and Spenard Public Utility Districts, the resolutions recite that the levies are for the purpose of "constructing, operating and maintaining public improvements, including a water system and establishment of grade in connection therewith." In the case of the Mt. View Public Utility District, the resolution recites that the levy is "for the construction, operation and maintenance of public improvements with said district," but it appears from the evidence that the improvement contemplated was a water system. It was stipulated that the notices were no more specific than the resolutions.

Thereafter, the districts applied to the General Services Administration for loans but were informed that, since the City of Anchorage had applied for a loan to extend its water system into these districts and had better security to offer and since it would be preferable to have this system extended into these districts rather than finance the construction of a separate system in each, the application of the City would be given priority. The defendants

concurred in this view and the City of Anchorage authorized a bond issue for the purpose. The extension of such facilities to suburban areas is expressly authorized by Sec. 16–1–35, A.C.L.A.1949.

The plaintiff contends that the Public Utility Act, Sec. 49–2–1 et seq., A.C.L.A.1949, is unconstitutional because it fails to provide for a hearing on the question as to what property should be included within the limits of the district and on the question of benefits to independent property owners from the proposed local improvements. But since this question has not been raised in the pleadings and is argued for the first time in the briefs, it will not be considered. I am of the opinion, however, that a public utility district formed under the statute referred to is a quasi-municipal corporation and not a mere public improvement district, Pacific Gas & Electric Co. v. Sacramento Municipal Utility District, 9 Cir., 92 F.2d 365, 370, with strictly limited powers.

The plaintiffs also contend that the levies are invalid because (1) neither the notices of the meetings, nor, in the case of the Mt. View Public Utility District the resolution levying the tax specified the improvements; (2) there was no definite commitment to construct or a feasible plan for the construction of, a water system and no method of financing provided; and (3) the financing of the project was contingent on the procurement of a loan by the City of Anchorage from the General Services Administration.

I find that before making the levies, the districts had decided that a water supply was imperative and that a system should be constructed at all events or water obtained from the City of Anchorage, although the precise manner in which the project would ultimately be financed and the drafting of plans and specifications were left for future determination.

In support of the first contention it is argued that notice to the taxpayer of the specific purpose of the meeting and the specification of the improvement in the resolution making the levy are essential to its validity. I am of the opinion that

since the notice follows the language of the statute, it is sufficient. Burch v. Owensboro, 36 S.W. 12; Cahill v. Perrine, 105 Ky. 531, 49 S.W. 344; Cooley on Taxation, 4th ed., § 500. It is conceded that the rule in Illinois upon which the plaintiffs rely, is otherwise by virtue of specific statutory and constitutional provisions.

■ As to the second contention the argument is that unless the improvement contemplated is specified and its construction assured, no tax can be levied therefor or for preliminary work not specified in the act, even though it is essential to the construction contemplated. The cases cited by plaintiff in support of this proposition are not in point because governed by special statutory and constitutional provisions. The weight of authority is that in the absence of statutory provision the terms and details of the project need not be worked out in advance, 63 C.J.S., Municipal Corporations, § 1100, p. 757; Indiana Truck Farm Co. v. Schneider, 74 Ind.App. 24, 128 N.E. 617. I am also of the opinion that, since the establishment of a grade level is essential to the construction of a water system, this is a sufficient specification.

■ The argument that, since the financing is contingent on the grant or loan or federal funds, the levy is void, is obviously based on events subsequent to the levy and hence beside the point. Cleveland, C., C. & St. L. Ry. Co. v. People, 208 Ill. 9, 69 N.E. 832. That the water system would consist of the extension of the City's system into the defendant districts would not deprive it of its character as a water system within the purview of the act and thus preclude the use of tax funds in connection with its construction.

■ The contention with reference to the alleged lending of credit is directed at the alleged misapplication of a part of the tax funds and not at the validity of the levy itself and, hence, this question is not before the Court.

I am of the opinion, therefore, that the plaintiffs are not entitled to the relief prayed for, and that the complaint should be dismissed.

An attorney's fee of $600 is allowed.