THE TOWN OF GREENWOOD ET AL. v. STATE, EX REL. LAWSON ET AL.

[No. 19,764. Filed October 9, 1902.]

MUNICIPAL CORPORATIONS. —*Street Improvements.—Acceptance.—Administrative Act.*—In determining whether a street improvement has been completed according to law, a town board acts in an administrative and not in a judicial capacity. *p. 269.*

SAME.—*Street Improvements.— Work Not According to Contract.—Power of Town Trustees.*—The board of trustees of a town has the power at any time before the assessment of benefits has been made by such board, under §4294 Burns 1901, against lots and parcels of ground benefited, to set aside and vacate an order requiring the town engineer to make the final estimate and report, on the ground that the improvement was not made according to the contract. *p. 270.*

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Mandamus by the State on the relation of Frank Lawson and others against the town of Greenwood and others. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*E. A. McAlpin, R. M. Miller* and *H. C. Barnett,* for appellants.

*Douglass Dobbins, R. O. Hawkins, H. E. Smith, J. F. Carson, C. N. Thompson, Albert Baker* and *Edward Daniels,* for appellees.

MONKS, J.—The relators, contractors for the construction of a public work under the Barrett law, brought this proceeding to compel the board of trustees of the town of Greenwood, by writ of mandamus, to take action upon the report made by the town engineer, under §4293 Burns 1901, §6776 Horner 1901, and either to "adopt, alter, or amend the same," and "cause an assessment list" to be made, as required by said law. An alternative writ was issued. Appellants filed a return in two paragraphs, the

first of which was a general denial. A demurrer for want of facts was sustained to the second paragraph of said return. A trial of said cause by the court resulted in a finding and judgment for a peremptory writ as demanded.

It is insisted by appellants that the court erred in sustaining appellees' demurrer to the second paragraph of the return to the alternative writ. The controlling question presented by this demurrer to said paragraph of return is whether or not the board of trustees of a town, after having caused a final estimate of the total cost of an improvement and the report required by §4293, *supra,* to be made by the town engineer, and said report has been filed, has the power to rescind and set aside its action in causing said estimate and report to be made, on the ground that said work has not been completed according to contract.

Section 4293, *supra,* provides that "When any such improvement has been made and completed according to the terms of the contract therefor made * * * the board of trustees of such town shall cause a final estimate of the total cost thereof to be made by the * * * town engineer * * * and the board of trustees of such town shall require said * * * town engineer to report to * * * the board of trustees of such town the following facts touching said improvement."

The next section, being §4294 Burns 1901, §6777 Horner 1901, provides that, after said report has been filed the board of trustees of such town shall give the notice, as required by said section, of the time and place when and where a hearing can be had upon such report before a committee to be appointed for that purpose; that any person aggrieved by such report shall have the right to appear before such committee and board of trustees and make objection thereto, and shall be accorded a hearing thereon. The committee provided for in said section is required to make a report to the board of trustees recommending the adoption or alteration of said report, and the board of trustees

have the power to adopt, alter, or amend the same, and to assess against the several lots or parcels of ground the special benefits received.

Appellees insist that the act of the board of town trustees in requiring said final estimate and the report provided for in said §4293 Burns 1901, §6776 Horner 1901, was an acceptance of the work, and that said act was judicial, and could not be rescinded. We can not concur with appellees in their contention. When an improvement made under the Barrett law is completed according to the contract, it is the duty of the board of trustees of a town to cause the town engineer to make the final estimate, and to require him to make the report provided for in said section; and if such board refuse to cause said final estimate and report to be made and filed, such board may be compelled to do so by .writ of mandate. When such report is made and filed, the board of trustees may be compelled to act upon it by writ of mandate.

The power to determine whether or not the improvement has been completed according to the contract is not strictly a judicial one, although the performance of such duty requires the exercise of judgment. *Ellis* v. *Steuben County,* 153 Ind. 91, 92, and cases cited; *City of Madison* v. *Smith,* 83 Ind. 502, 515, 516.

It was said by this court in *Ross* v. *Stackhouse,* 114 Ind. 200, 203: "It is settled that where the act or decision of a common council, or other similar body, is done or made in pursuance of notice which the law requires, and is in its nature such as to adjudicate upon, or determine, or affect the substantial personal or property rights of those notified, a decision once rendered can not ordinarily be rescinded or set aside. * * · * This rule has no application, however, to matters of a merely administrative or legislative character. ·Bodies having cognizance of such subjects may modify, repeal or reconsider their action in regard to matters of that nature, at any time, provided the vested rights of others are

not thereby affected. Over such matters they exercise a continuing power. *Welch* v. *Bowen,* 103 Ind. 252; *Board, etc.,* v. *Fullen,* 111 Ind. 410."

The general rule is that the governing body of a municipal corporation has the power, if vested rights are not thereby interfered with, and the rights of third parties have not intervened, to rescind action previously taken. Formal reconsideration and rescission are generally unnecessary where the course afterwards pursued is inconsistent with that formerly adopted. 20 Am. & Eng. Ency. Law (2d ed.), 1215, 1216; 1 Dillon, Mun. Corp. (3d ed.), §290; Tiedeman, Mun. Corp., §98; 1 Beach, Pub. Corp., §§297, 298.

After a careful consideration of the question, we are satisfied that under the law known as the Barrett law, the board of trustees of a town has the power, at any time before the assessment of benefits has been made by such board under §4294 Burns 1901, §6777 Horner 1901, against the lots and parcels of ground benefited by said improvement, to set aside and vacate the order requiring the town engineer to make the final estimate and report required in §4293 Burns 1901, §6776 Horner 1901, on the ground that the improvement was not completed according to the contract. Whether said board has such power after the assessment of benefits is made, we need not determine in this case.

There are some allegations in the return in regard to fraudulent conduct of appellees in procuring the board of trustees to cause said estimate and report to be made. As we deem these allegations unnecessary, the argument of appellees in regard to their insufficiency is not considered.

We determine nothing as to the sufficiency of the petition and alternative writ, as this question is not discussed by counsel in their briefs.

Judgment reversed, with instructions to overrule the demurrer to the second paragraph of return, and for further procedings not inconsistent with this opinion.