# BROWN ET AL. *v.* CENTRAL BERMUDEZ COMPANY.

[No. 20,094.    Filed December 9, 1903.    Rehearing denied April 7, 1904.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Resolution Ordering Improvement.*—*Collateral Attack.*—As against a collateral attack, the vote of two-thirds of the members of the common council to enter into a contract to make a street improvement will be deemed a sufficient compliance with the requirement of §4292 Burns 1901 relative to the ordering of the improvement.    *pp. 453–458.*

SAME.—*Street Improvements.*—*Front-foot Rule.*—The mere fact that the declaratory resolution submitted to the property owners a proposition to improve a street and apportion the cost thereof on the basis of the "front-foot rule" did not render the proceeding invalid.    *pp. 458, 459.*

SAME.—*Street Improvements.*—*Front-foot Rule.*—*Collateral Attack.*—A showing that the common council misinterpreted the law, and made a street improvement assessment in accordance with the front-foot rule, will not render the proceeding open to collateral attack in a suit to enforce an assessment thereunder.    *p. 459.*

SAME.—*Street Improvements.*—*Assessments.*—*Notice to Property Owners.*—*Hearing.*—The fact that the common council confirmed the report of the engineer on a street improvement assessment, on the same evening that the special committee met pursuant to notice, to afford a hearing to property owners, can not be said to have prevented a hearing before the council, since the property owners had the right to demand a hearing, and, if necessary, invoke the power of the courts to secure the right.    *p. 459.*

SAME.—*Street Improvements.*—*Foreclosure of Assessments.*—*Attorney's Fees.*—*Constitutional Law.*—The provision of the statute authorizing the allowance of attorney's fees upon foreclosure of street improvement assessments is constitutional and valid.    *pp. 459, 460.*

From Cass Circuit Court; *D. H. Chase*, Judge.

Suit by the Central Bermudez Company against Lizzie W. Brown and husband to enforce a street improvement assessment. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*G. E. Ross*, for appellants.

*Kistler & Kistler, S. T. McConnell, A. G. Jenkines, B. C. Jenkines* and *C. H. Stuart*, for appellee.

GILLETT, C. J.—This action was brought by appellee to foreclose a lien against the property of appellant Lizzie

W. Brown, based on a proceeding for the improvement of a street, had by the common council of the city of Logansport. Appellants demurred to the complaint, but their demurrer was overruled. Issues of fact were afterwards joined, and there was a trial, which resulted in a finding in appellee's favor, and a decree of foreclosure.

It appears from the record that after the cause was put at issue, and before the submission, the parties filed a stipulation in the action as follows: "It is stipulated between the parties hereto that all matters of defense, both legal and equitable, shall be heard under the general denial. It is likewise stipulated that all matters in support of plaintiff's cause of action and in avoidance of defendant's defense, both legal and equitable, shall be heard under the complaint as it now is." This agreement proceeds on the theory that the complaint may be defective, and the parties, in effect, stipulate that it may be aided upon the trial. In view of this, we regard ourselves at liberty to disregard the demurrer, and examine the evidence, in determining whether a right result was reached.

It is first objected by counsel for appellant, on the question as to the sufficiency of the evidence, that the proceeding was void for the reason that the record of the common council affirmatively shows that the resolution of that body ordering the improvement made was not passed by a vote of two-thirds of its members, but was passed by a vote of six yeas and four nays. The proceeding was instituted by a resolution declaring the necessity of making the improvement in accordance with the profile, details, drawings, and specifications on file in the office of the city civil engineer, and directing the clerk to give notice of the passage of the resolution as required by law. This resolution was passed on the 17th day of August, 1898, by the vote of nine councilmen. Notice of the adoption of the resolution was duly published, and on the 21st day of September, 1898, a

resolution purporting to order the improvement made, and to direct the clerk to advertise for bids, was introduced, with the result indicated by the above-stated objection. Treating the resolution as adopted, the clerk advertised for bids for the completion of the work. On the 16th day of November, 1898, a committee of the common council reported to said council that the committee had examined the bids for doing the work, and that it found that the bid of the Central Bermudez Company was the best bid therefor, and recommended that the work be let to said company for the amount of its bid. This resolution received six votes. The record shows that afterwards, and at the same meeting, one of the members of said council submitted what purported to be a contract between the city and appellee for the doing of the work by the latter, duly signed by it, and also a bond in the sum of $5,000 for the performance of the contract tendered, which bond purported to be signed by appellee and a surety. The record of the common council then shows the following entry: "In connection with the above, Mr. Palmer submitted the following resolution, approving contract and bond: 'Be it resolved by the common council of the city of Logansport, Indiana, that the contract and bond of the Central Bermudez Company, of Indianapolis, Indiana, contractor for the paving with asphalt and the paving with cement the roadway on Market street between the east side of Second street and the east side of Eel river bridge, as read, be, and the same are hereby, approved and adopted, and ordered placed on record by the following vote.' " Eight yeas and two nays are recorded upon this resolution. Following this, and as a part of the proceedings of said meeting, the record shows that the councilman above mentioned submitted appellee's written request for an extension of time for the completion of what said writing terms "our Market street contract, from Second street to Eel river," until September 20, 1899. It was moved that the request be

granted, and this motion received nine votes, no councilman voting in the negative. From this point it may be said that the record of the common council concerning said proceeding is regular on its face, and that it culminated in the act of the council, after due notice by publication in a newspaper, in an order confirming the assessments which the city civil engineer had reported. At the time of said proceeding the city of Logansport had ten councilmen. It is further shown by the evidence that at such time appellants were husband and wife, and that appellant Lizzie W. Brown was the owner of the real estate against which appellee was seeking to foreclose.

As there was no petition filed for the improvement of said street, we look to §4292 Burns 1901 to ascertain the authority of the common council in the absence of a petition. That section provides: "The common council of such city, or the board of trustees of such town, with the concurrence of two-thirds of the members thereof, may order or cause any or all of the improvements mentioned in the first section of this act, and repairs of any kinds of streets and alleys to be made in like manner, without such petition, and either charge and cause any or all of the expenses thereof to be assessed and collected, as hereinafter provided, when petition is made, or if it is deemed just and right by the common council of such city or the board of trustees of such town to cause such expenses, or any part thereof, to be paid out of the general revenue of the city or incorporated town."

It is insisted by counsel for appellants that ordering the work done by at least a two-thirds vote was an essential requirement to the invoking of the jurisdiction of the tribunal in the particular case. On the other hand, counsel for appellee argue that as there were such proceedings in the particular instance as amounted to an attempt to exercise jurisdiction, the determination of the common council that it was authorized to proceed amounted to an

act of jurisdiction, and that its decision is conclusive as against this collateral attack. As the grant of authority to improve streets at the expense of the adjoining property owners is a provision for the exercise of the taxing power, it seems scarcely necessary to say respecting such law that each provision thereof regarding the steps to be taken, which it can properly be said was intended for the protection of the property owner, was made to be obeyed substantially as enacted. This much as to the course that the common council ought to pursue. On the other hand, the fact must not be disregarded that, under the law of this State respecting the improvement of city streets by means of local assessments, the common council has been created a tribunal, and vested with exclusive original jurisdiction, or power, in that behalf. *Jackson* v. *Smith,* 120 Ind. 520; *Jones* v. *Cullen,* 142 Ind. 335; *Cason* v. *City of Lebanon,* 153 Ind. 567.

It is not the notice of the passage of the declaratory resolution which gives jurisdiction over the persons of the property owners. *Quill* v. *City of Indianapolis,* 124 Ind. 292, 7 L. R. A. 681; *Barber Asphalt Paving Co.* v. *Edgerton,* 125 Ind. 455; *Hughes* v. *Parker,* 148 Ind. 692; *Pittsburgh, etc., R. Co.* v. *Fish,* 158 Ind. 525. Not until the final notice, when the property owners have been brought in, can it be said that the tribunal acts in a *quasi* judicial capacity. Until then the common council proceeds in the exercise of a business or administrative power. *Ross* v. *Stackhouse,* 114 Ind. 200; *Town of Greenwood* v. *State, ex rel.,* 159 Ind. 267. It takes the prior steps by virtue of its jurisdiction over the subject-matter, which is the authority to act in the particular class of matters to which the one in question belongs. There must, of course, be a particular proceeding pending, and the power to spread the assessment upon the property depends upon the taking of each step which may properly be denominated as jurisdictional.

While acting within the confines of its jurisdiction, the errors of the council do not afford a basis for a collateral attack, but if the proceeding has not been inaugurated by petition it is indispensable to the making of the assessment that two-thirds of the members of the council should order or cause the improvement to be made. *Lux, etc., Stone Co.* v. *Donaldson, post,* 481. See *VanSickle* v. *Belknap,* 129 Ind. 558. It is evident that the provision referred to was intended as a limitation upon the power of the council. The tribunal in question is not a court, and we should hesitate to apply to it the extreme doctrine on collateral attack relative to intermediate steps that has been applied to boards of county commissioners when acting in a judicial capacity. Within limits the power of common councils to judge of their jurisdiction has been recognized. *Evansville, etc., R. Co.* v. *City of Evansville,* 15 Ind. 395; *Jackson* v. *Smith,* 120 Ind. 520; *Bass* v. *City of Ft. Wayne,* 121 Ind. 389; *McEneney* v. *Town of Sullivan,* 125 Ind. 407; *DePuy* v. *City of Wabash,* 133 Ind. 336; *City of Camden* v. *Mulford,* 26 N. J. L. 49; *Kuhn* v. *City of Port Townsend,* 12 Wash. 605, 41 Pac. 923, 50 Am. St. 911, 29 L. R. A. 445. But in a case where it appears on the face of the proceeding of such a tribunal that a requirement plainly jurisdictional has been in nowise complied with, the order of assessment would be void, as there would be no basis on which an adjudication could rest. If this proceeding can be upheld when attacked collaterally, it must be on the ground that the statute has been substantially complied with, and that therefore there was but an irregularity in acquiring jurisdiction.

In *Ross* v. *Stackhouse, supra,* it was said: "Where it affirmatively appears that the jurisdictional steps have been taken, upon which the power of the common council to contract depends, a contractor may rely upon the record, even though the jurisdictional facts may appear imperfect

and irregular. After he has entered upon the work and expended money and labor for the benefit of the property owner, the latter will not be permitted to impair or break down the jurisdiction upon which the contractor may have relied, by bringing forward merely incidental matters, or by proof of extraneous facts, unless fraud or collusion be shown."

To make the proceeding in this case regular, the common council should, by a vote of at least two-thirds of its members, have ordered the work done before it advertised for bids, but we do not think that the omission to make such order at that particular time affords a ground for collateral attack. As the council was acting ministerially at the time, even the failure of the formal resolution did not necessarily terminate the proceeding, for it was competent, within a reasonable time, since no vested rights had attached, to reconsider the question. *Ross* v. *Stackhouse, supra; Town of Greenwood* v. *State, ex rel., supra.* The requisite vote was obtained on the motion to enter into the contract, and this, it seems to us, was in substance an ordering or causing the work to be done within the statute. If any third person had desired to bid on the work, he might properly have made his bid conditional upon the council taking the jurisdictional step. With such a record as the one before us, involving only an irregularity in the acquiring of jurisdiction, we think that it was competent for the common council to consider as to its authority when the property owners were before it; and as it confirmed the assessment, its order, under the circumstances, is impervious to collateral attack.

The mere fact that the declaratory resolution submitted to the property owners a proposition to improve on the basis of charging them respectively with the cost of the improvement according to what is termed the "front-foot rule," did not render the proceeding invalid. When appellants had their opportunity for a hearing, it was for them

to convince the council of its right and duty to apportion the cost on the basis of benefits. To show that the assessment was, in point of fact, made according to frontage, does not show that it was made arbitrarily; but if the council, on the final hearing, misinterpreted the law, and regarded itself as tied down by the provisions thereof to what has been termed the *prima facie* test or standard, that would not render the proceeding open to collateral attack, for, having jurisdiction, the power of the council was as ample to decide wrong as to decide right. *Wray v. Fry,* 158 Ind. 92; *Hibben* v. *Smith,* 158 Ind. 206; *Jones* v. *Cullen,* 142 Ind. 335. In such a case as this it will be presumed that the lot was benefited to the extent of the assessment. *Wray* v. *Fry, supra.*

That the council confirmed the report of the engineer on the same evening that the special committee met, pursuant to notice, to afford a hearing to the property owners, cannot be said to have prevented a hearing before the council. Appellants had a right to go before that body and demand a hearing, and, if necessary, invoke the power of the courts to secure the right. *Hibben* v. *Smith, supra; Shank* v. *Smith,* 157 Ind. 401, 55 L. R. A. 564. It does not appear, however, that appellants even sought the opportunity for a hearing.

It is finally objected that the court erred in refusing to strike out of the judgment an allowance that had been made for appellee's attorney's fees. It is claimed that the provision of the statute purporting to authorize such allowance is unconstitutional. A street assessment is laid by virtue of the power of the State to tax, and we think that a statute providing for the allowance of an attorney fee on foreclosure in such a case can be upheld on the ground that the State may provide for a penalty if the delay of the property owner to discharge such an obligation renders it necessary to commence suit. The enactment upon this subject may be compared to the provisions of statutes made

for the benefit of purchasers at tax sale. ' See *Terre Haute, etc., R. Co.* v. *Salmon,* 161 Ind. 131.

Judgment affirmed.