GARDINER ET AL. *v.* CITY OF BLUFFTON.

[No. 21,425. Filed November 23, 1909. Rehearing denied February
17, 1910.]

1. MUNICIPAL CORPORATIONS.—*Street Improvements.—Cost.—Cities
of Fifth Class.*—The letting of contracts for street improvements
in excess of fifty per cent of the valuation of the property to be
assessed is prohibited in cities of the first, second and third
classes, but not in those of the fifth class. p. 456.

2. MUNICIPAL CORPORATIONS.— *Street Improvements.*— *Collateral Attack.*—*Injunction.*—Common councils of cities of the fifth class have jurisdiction over the making of street improvements, and their acts therein cannot be collaterally attacked by injunction, unless a want of jurisdiction over the subject-matter, or over the parties affected, is shown. p. 457.

3. MUNICIPAL CORPORATIONS.— *Street Improvements.*— *Propriety of.*—*Cost.*—*Payment.*—The question of the wisdom, propriety, or expediency of making street improvements is for the city council; and under §8716 Burns 1908, Acts 1905, p. 219, §111, cities of the fifth class may cause such improvements to be made though the cost exceeds fifty per cent of the benefits to be assessed, such cities having the right to pay the excess, not to exceed $5,000, out of the public treasury. p. 457.

4. MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Remonstrances.*—*Benefits.*—*Appeal.*—City councils may by a two-thirds vote order street improvements, regardless of remonstrances, but property cannot be assessed more than the resulting benefits; and if an excessive assessment is made the property owner may appeal to the circuit court (§8716 Burns 1908, Acts 1905, p. 219, §111). p. 458.

5. INJUNCTION.—*Adequate Remedy by Appeal.*—Where redress may be secured by appeal from an unjust order for street improvements, injunction will not lie against the enforcement of such order. p. 458.

6. MUNICIPAL CORPORATIONS.— *Street Improvements.*— *Council.*— *Interested Members.*—City councilmen, in ordering street improvements, act in a legislative capacity, and are not disqualified by reason of owning property along the street to be improved, but in assessing benefits they act in a *quasi*-judicial capacity and may be disqualified from acting. p. 458.

7. PLEADING.— *Complaint.*— *Fraud.*— *Facts.*— A complaint based upon fraud must directly allege the facts constituting such fraud. p. 460.

8. MUNICIPAL CORPORATIONS. — *Legislative Acts.* — *Motives.* — *Fraud.*—*Logrolling.*—The motives of city councilmen in logrolling to secure certain street improvements, will ordinarily not be inquired into by the courts, such action being legislative in character. p. 460.

9. STATUTES.—*Amendment.*—*Municipal Corporations.*—*Street Improvements.*—Where street improvements in a city of the fifth class were authorized either by §8710 Burns 1908, Acts 1905, p. 219, §107, or §8959 Burns 1908, Acts 1905. p. 219, §265, it is needless to inquire as to the effect of the act of 1909 (Acts 1909, p. 412) which amended such former section, but continued in force the substantive right under modified terms of procedure. p. 461.

10. APPEAL.— *Rehearing.— New Questions.*— Questions not presented upon the original hearing of a case on appeal, cannot be raised on a petition for rehearing. p. 461.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Suit by George E. Gardiner and another against the City of Bluffton. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Sharpe & Sturgis* and *Mock & Sons,* for appellants.
*Robert W. Stine* and *A. W. Hamilton,* for appellee.

MONTGOMERY, J.—Appellants brought this suit to enjoin appellee from letting a contract for the improvement of Central avenue in the city of Bluffton, and to have the improvement ordinance decreed invalid and void.

Appellee's demurrer to the complaint was sustained, and, appellants declining to amend or to plead further, final judgment was rendered against them.

Errors have been assigned upon the sustaining of appellee's demurrer to the complaint, and to each specification of the alleged grounds for injunction severally.

It was alleged that the common council of the city of Bluffton consisted of the mayor and five councilmen, and that by a vote of four to one the ordinance for the proposed improvement was passed over the mayor's veto and the remonstrance of forty-one abutting property owners.

The complaint alleged that the benefits to real estate abutting on said street will not be equal to fifty per cent of the aggregate value of the property, exclusive of the improvements thereon, as it is assessed for taxation, and subject to be assessed to pay for said improvement.

1.

The letting of contracts for street improvements in excess of fifty per cent of the taxable value of the property to be assessed for such improvement is prohibited only in cities of the first, second and third classes. §8710 Burns 1908, Acts 1905, p. 219, §107. This allegation will not justify an in-

junction against the letting of such a contract by a city of the fifth class, to which class the city of Bluffton belongs.

It was further averred that the cost of improvement will exceed the benefits to real estate to be assessed therefor; that certain other streets, upon which part of the lots to be assessed also abut, have recently been improved, and that the bonds therefor cannot be sold at par, and this fact will enhance the cost of the proposed improvement, and because of their present financial distress a number of the owners of abutting property will be unable to pay the assessments to be made against their lots; that the benefits resulting from the improvements will not be equal to the costs thereof; that the improvement is not necessary; that it is manifestly unjust, unreasonable and oppressive; that no road or street connects with the eastern terminus of Central avenue, that there will be but little travel over the part to be improved, and no public or private necessity exists for such improvement.

Common councils of cities of the fifth class in this State are vested with jurisdiction over the making of improvements of the streets and alleys within their cities.

2. Their acts in this connection can only be attacked collaterally by injunction on some ground sufficient to show a want of jurisdiction over the subject-matter of the particular improvement proposed or over the parties to be affected. *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, and cases cited.

The alleged causes for injunction just enumerated affect only the propriety, wisdom or expediency of making the contemplated improvements, and must be addressed

3. to the sound discretion of the members of the common council. A city may cause an improvement to be made, the cost of which will exceed the benefits to be assessed against the abutting property, and may pay the excess, not to exceed $5,000 out of the public treasury. Acts 1905, p. 219, §111, §8716 Burns 1908. The common council

is made the judge of the necessity of making such im-

4.   provements, and by a two-thirds vote may act in spite of the remonstrances of abutting property own-ers.   The property affected by the improvement cannot be assessed in excess of the resulting benefits, and if any such assessment shall be deemed excessive a direct and adequate remedy is provided by an appeal to the circuit court. §8716 *supra.*

If adequate redress against anticipated or threatened in-justice be afforded through an appeal to court, or

5.   other statutory tribunal, in these proceedings, injunc-tion will not lie.   *Martindale* v. *Town of Rochester,* *supra.*

It was further alleged that councilman Poffenberger voted for the improvement, and that, at the time, he was the owner of a lot abutting on the proposed improvement, that he was a first cousin to Robert Drew, who owned an abutting lot to be assessed for such improvement, and for these rea-sons he was disqualified from voting; that rejecting his vote the resolution and ordinance received only a three-fifths, instead of the necessary two-thirds vote of the com-mon council.

No provision is found in the statutes of this State prohib-iting a councilman from acting in the matter of making street improvements affecting his own interests.   In

6.   taking all the proceedings disclosed in appellants' complaint, the common council was in the exercise of its legislative or administrative powers.   It is not until after the final notice has been given, bringing the property owners in for a hearing upon the assessment of benefits to their lots, that the council may be said to act in a *quasi*-judicial capacity.   *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452, and cases cited.   When such tribunals sit in a judicial or *quasi*-judicial capacity, members personally interested in a pending proceeding may be disqualified from acting.   *Daly* v. *Gubbins* (1908), 170 Ind. 105; *Carr* v. *Duhme* (1906),

167 Ind. 76; *Small* v. *Buchanan* (1901), 165 Ind. 549; *Bradley* v. *City of Frankfort* (1885), 99 Ind. 417; *Markley* v. *Rudy* (1888), 115 Ind. 533.

The enactment of the ordinance attacked was legislative in character, and the act of councilman Poffenberger, in favoring the proposed improvement and making a taxing district including his own property and that of his kinsman, would appear from the allegations of the complaint to be against his apparent interests. It is obvious that he could not by his vote discriminate in favor of his personal interests as against those of other taxpayers in the district. The interest here shown, and of which complaint is made, was inseparably linked with that of other abutters, and such as ought to make a councilman careful and prudent to prevent the imposition of unnecessary and intolerable burdens which he must assist in bearing. The principle for which appellants contend is most just and salutary in judicial or *quasi*-judicial proceedings, but as applied to officers engaged in the performance of legislative and administrative functions it would disqualify and exclude those whose counsel and judgment would ordinarily be regarded as most conservative and wise. It is our conclusion, therefore, that councilman Poffenberger was not disqualified from acting in all matters leading up to the letting of a contract for the proposed improvement, and that the ordinance was accordingly enacted by a two-thirds vote and was valid. *City of Topeka* v. *Huntoon* (1891), 46 Kan. 634, 26 Pac. 488; *Steckert* v. *City of East Saginaw* (1870), 22 Mich. 104; 1 Dillon, Mun. Corp. (3d ed.), §444.

It was further alleged that there was collusion and fraud on the part of three members of the council in the passage of the ordinance, in that the wife of one of them owned property abutting on South street, which was to be improved concurrently with Central avenue, and that member voted for the Central avenue ordinance to secure the support of

Poffenberger for the South street improvement, both believing that the properties in which they were interested would be improved free of costs on account of their official stations; and a third member supported both propositions in order to get votes for desired improvements in his ward.

A complaint grounded upon fraud must aver the facts constituting such fraud directly and positively, and not inferentially or by way of recital. Appellee insists

7. that this specification does not measure up to the requirements of good pleading in the respect mentioned. We are not prepared to hold that the facts upon which this clause of the complaint is predicated, if well pleaded, would constitute actionable fraud, but do not rest our decision upon that ground. In passing the improvement resolution and ordinance in question the common council was

8. acting in a legislative capacity, and the courts generally hold that they cannot inquire into the motives of members of a municipal council for the purpose of determining the validity of ordinances which are not contractual, but wholly legislative in character. *Schmidt* v. *City of Indianapolis* (1907), 168 Ind. 631, 120 Am. St. 385, 14 L. R. A. (N. S.) 787; *Lilly* v. *City of Indianapolis* (1898), 149 Ind. 648; *Meyer* v. *Village of Teutopolis* (1890), 131 Ill. 552, 23 N. E. 651; *Buell* v. *Ball* (1866), 20 Iowa 282; *Villavaso* v. *Barthet* (1887), 39 La. Ann. 247, 1 South. 599; *People* v. *Gardner* (1906), 143 Mich. 104, 106 N. W. 541; *Dreyfus* v. *Lonergan* (1898), 73 Mo. App. 336; *Moore* v. *Haddonfield* (1898), 62 N. J. L. 386, 41 Atl. 946; *Kittinger* v. *Buffalo Traction Co.* (1899), 160 N. Y. 377, 54 N. E. 1081; *Borough of Freeport* v. *Marks* (1868), 59 Pa. St. 253; *Corporation of Knoxville* v. *Bird* (1883), 12 Lea 121, 47 Am. Rep. 326; *Wood* v. *City of Seattle* (1900), 23 Wash. 1, 62 Pac. 135, 52 L. R. A. 369; *State, ex rel.,* v. *Superior Court, etc.* (1900), 105 Wis. 651, 81 N. W. 1046, 48 L. R. A. 819.

Gardiner *v*. City of Bluffton—173 Ind. 454.

No sufficient ground for injunctive relief having been alleged, the court correctly sustained appellee's demurrer to the complaint.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellants insist, in support of their petition for a rehearing, that the court failed to decide whether section 107 of the act of 1905, concerning municipal corporations (Acts 1905, p. 219, §8710 Burns 1908), was repealed by the act of March 8, 1909 (Acts 1909, p. 412). Appellee is a city of the fifth class and the improvement involved in this cause is authorized by section 265 of the act of 1905 (Acts 1905, p. 219, §8959 Burns 1908), rather than by §8710, *supra*. Appellants are wrong in their contention, since §8710, *supra*, was not, in terms, repealed, but merely amended by the act of 1909, and the substantive right of making street improvements continued under modified terms and conditions of procedure. *Heath* v. *State* (1910), *ante*, 296; *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542.

It is further urged that §8710, *supra*, is local and special in character, and therefore unconstitutional and invalid. It is well settled that courts will not grant a rehearing for the purpose of considering questions not presented originally. *Zintsmaster* v. *Aikin* (1909), *ante*, 269.

The petition for a rehearing is overruled.