HASKETT ET AL. *v.* TOWN OF SULPHUR SPRINGS.

[No. 22,989. Filed November 9, 1916.]

1. MUNICIPAL CORPORATIONS.—*Street Improvements.—Limit of Cost.—Towns.—Statute.*—The provision contained in §8710 Burns 1914, Acts 1909 p. 412, prohibiting the letting of a contract for any street improvement in any city of the first, second or third class, the total cost of which shall exceed fifty per cent. of the aggregate value of the property as it is assessed for taxation, exclusive of improvements, is not made applicable to incorporated towns by §8959 Burns 1914, Acts 1913 p. 12, providing that the provisions of the Cities and Towns Act concerning the improvement of streets in cities of the first, second, third and fourth classes shall apply to cities of the fifth class and incorporated towns, such provision referring only to the procedure to be followed in the making of improvements. pp. 316, 319.

2. STATUTES.—*Re-enactment.—Construction.—Adoption of Construction.*—Where a statute has been judicially construed, and is thereafter re-enacted, such re-enactment will be held to embody the court's construction, in the absence of language to show a contrary purpose. p. 319.

From Henry Circuit Court; *Willis S. Ellis*, Special Judge.

Action by Charles F. Haskett and others against the town of Sulphur Springs. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Forkner & Forkner,* for appellants.
*Barnard & Brown,* for appellee.

MORRIS, J.—Appellants are the owners of real estate abutting on Meridian street in the town of Sulphur Springs. In March, 1915, the board of trustees of the town adopted a resolution for the improvement of the street that will cost more than half the aggregate value of abutting · property. It is contended by appellants that such improvement is prohibited by sections 107 and 265 of the Municipal Corporation Act of 1905, as amended in 1909 and 1913; Acts 1905 p. 219, 286, §8710 Burns 1908; Acts 1909 p. 412, §8710 Burns 1914; Acts 1913 p. 12, §8959 Burns 1914.

The act of 1905 divided the cities of the State into five classes, according to population. *Supra,* §8643 Burns 1914. It provided for the 1. creation of a department of public works in cities of the first, second, third and fourth classes. §8684 Burns 1914. In all cities of such classes, the board of public works was authorized to order and contract for the repair and improvement of streets. §8696 Burns 1914. In cities of the fifth class, and in incorporated towns, which have no public works department, the authority to order street improvements was vested respectively in city councils and boards of trustees. §8959 Burns 1914, *supra.* Section 107 of the original act (*supra,* §8710 Burns 1908) provides for a method of procedure in street improvements by boards of public works in all cities except those of the fifth class. The section contained three provisos, in the second of which is found the following inhibition: "Nor shall any contract be let for the improvement of any street * * * in any city of the first, second or third class, the total cost of which shall exceed fifty per cent. of the aggregate

value of the property as it is assessed for taxation, exclusive of the improvements, and subject to be assessed, to pay for said proposed improvement." This prohibition was carried into the amendment of the section in 1909, without any change in language, that is pertinent to the question here involved. Acts 1909 pp. 413, 414; §8710 Burns 1914, supra.

Section 265 of the original act (Acts 1905 p. 404, §8959 Burns 1908) recited that: "The provisions of this act relating to * * * street * * * improvements in cities of the first, second, third and fourth classes shall apply to cities of the fifth class and to incorporated towns, and the duties of the board of public works in relation to such matters shall be performed, in cities of the fifth class, by the common council, and in towns by the board of town trustees; and the duties of the comptroller, by the city or town clerk, as the case may be." This was followed by a specific method of procedure by councils and boards, relating to the adoption of improvement resolutions, notice, letting of contracts, etc. Further proceedings were expressly authorized according to the provisions of sections 108 to 120 of the act. §8711 et seq. Burns 1908, supra.

The 1909 amendment of §265 continued the provision we have quoted above, but omitted the provision relating to method of procedure by boards of trustees of towns, and councils of cities of the fifth class. Acts 1909 p. 412, supra. The 1913 amendment of the section (§8959 Burns 1914, supra) embodies the same quoted provision and omits any separate method of procedure as authorized by the original section, but contains the following: "And the provision of this act relating to the improvement of streets and alleys in cities of the

first, second, third and *fourth* classes shall apply to the improvement of streets and alleys in cities of the fifth class and incorporated towns, by grading" etc.   (Italics ours.)   Because of this, and because the 1909 and 1913 amendments of the section eliminate the special procedure for towns and cities found in · the section as originally enacted, counsel for appellants contend that it was the legislative intent to make the prohibition found in §107, *supra,* against improving streets, where the cost might exceed half the value of the abutting property, apply to towns and cities of the fifth class as well as to cities of the first, second and third classes.

We are of the opinion that such position is untenable.   The elimination from §265, *supra,* of the procedural method for towns and cities of the fifth classes was doubtless made to secure a uniform method of procedure for street improvements, etc., in all municipal corporations.   The language of the prohibitory clause in question, as originally enacted, ·and found in §8710 Burns 1908, *supra,* was plainly applicable only to cities of the first three classes, although the section of the act (§107) furnished the only procedural method adapted to cities ·of the fourth class.   Nor is appellants' contention materially helped by the new provision found in the 1913 amendment of §265, heretofore quoted, for it does not purport to make applicable to towns and cities of the fifth class any provision of the act not applicable to cities of the *fourth* class.

The case of *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321, involved the same question here presented.   The case was decided previous to any amendment of either section of the act in controversy and held the prohibition not applicable to towns.   The 1909 re-enactment of

the prohibitory provisions, in the absence, as here, of language to evince a contrary purpose,

2.    must be held as embodying this court's construction of the original provisions. *State v. Ensley* (1911), 177 Ind. 483, 97 N. E. 113,

1.    Ann. Cas. 1914D 1306. The case of *Gardiner v. City of Bluffton* (1910), 173 Ind. 454, 89 N. E. 853, 90 N. E. 898, Ann. Cas. 1912A 713, held the prohibitory provision in question not applicable to cities of the fifth class, and the 1913 amendment of §265 (§8959 Burns 1914, *supra*) does not, in our opinion, furnish sufficient basis to support appellants' contention. Unless the attempted improvement was invalid, because of the statutory provision, the judgment should be affirmed. Whether considered alone, or in the light of the two opinions of this court, hereinbefore cited, we are constrained to hold that the statutory provision in question is not applicable to towns. Judgment affirmed.

NOTE.—Reported in 114 N. E. 33.