# Richmond.

## TOWN OF HARRISONBURG V. ROLLER.

### NOVEMBER 16, 1899.

1. MUNICIPAL CORPORATIONS—*Changing Grade of Streets—Consequential Damages.*—A municipal corporation, when authorized by its charter, may make, improve, open, and grade its streets and sidewalks, and if, in so doing, it exercises reasonable care and skill, it is not answerable to the owner of an adjacent lot, whose land is not actually taken, for consequential damages to his premises, unless such liability is created by its charter, or some statute. If there be such damage it is *damnum absque injuria.*

2. MUNICIPAL CORPORATIONS—*Grading Streets—Consequential Damages—Action at Law—Injunction.*—If damage results to an adjacent lot owner, from the improper manner in which a municipal corporation executes a lawful work, such damage is not necessarily incident to the accomplishment of the work, and the remedy is by an action at law. Courts of equity cannot interfere by injunction with the exercise in good faith by municipal corporations of discretionary powers conferred upon them by law. The apprehension of the lot owner that the corporation may not perform a lawful work in a proper manner is no ground for an injunction.

3. MUNICIPAL CORPORATIONS—*Grading Streets—Chancery Jurisdiction.*—Courts of equity are without jurisdiction to fix the grade of streets, or the manner in which the work shall be done by municipal corporations invested with discretionary powers in the premises.

4. MUNICIPAL CORPORATIONS—*Delegation of Powers Over Streets.*—It is not an undue delegation of power for a municipal corporation to confide to the street committee the execution of work, where the work has been ordered, and the manner of its execution prescribed, by the council.

5. RES JUDICATA—*Estoppel.*—If the subject-matter of two suits be different, though the parties are the same, the decree in the first suit is no estoppel to the proceedings in the second.

Appeal from two decrees of the Circuit Court of Rockingham county, pronounced November 1, 1897, and April 13, 1898, respectively, in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*Yancey & Haas,* for the appellant.

*John E. Roller* and *J. B. Stephenson,* for the appellee.

RIELY, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Rockingham county perpetually enjoining the town of Harrisonburg from raising the sidewalk in front of the residence of the appellee, in the execution of the plan adopted by it for improving and laying the sidewalks on the west side of south Main street, and prescribing a permanent grade for the sidewalk in front of his residence. The gravamen of his complaint is that to raise the sidewalk as proposed by the town would elevate it above the level of his front yard, and thereby not only cause the surface water to flow upon his yard, but would injure the appearance of his residence.

The right of a municipal corporation, under the authority of its charter, to open, establish, and improve its streets and to make, improve, and grade its sidewalks, is too well settled not only by the authorities generally, but by repeated decisions of this court, to require further discussion. If the corporation, acting in these matters under the powers conferred upon it, exercises reasonable care and skill in the performance of the work resolved upon, it it not answerable to the owner of an adjacent lot, whose land is not actually taken, for consequential damages to his premises, unless there is a provision in its charter or in some statute creat-

ing the liability, which it is not pretended exists in this case. Such damage is not an injury in a legal sense, and the law provides no remedy for it. It is *damnum absque injuria.* 2 Dillon on Mun. Corp. (4 Ed.), secs. 987 to 990; *Smith* v. *City Council of Alexandria,* 33 Gratt. 208; *Kehrer* v. *City of Richmond,* 81 Va. 745; *Home Building Co.* v. *City of Roanoke,* 91 Va. 52; and *Powell* v. *Town of Wytheville,* 95 Va. 73.

If the work is done in the exercise of power conferred upon the municipal body, and is executed in a reasonably proper and skillful manner, the city or town, as the case may be, is exempt from legal liability, although the work may be attended or followed by damage, as a necessary incident, to the owner of an adjacent lot. If it is not so executed, and damage results from the manner of its execution to the owner of an adjacent lot, such damage is not necessarily an incident to the accomplishment of the work, and the owner, in that case, has redress against the city or town by an action of tort. Courts of equity have no authority to interfere by injunction with the exercise in good faith by municipal bodies of discretionary powers conferred upon them by law. If damage ensues to the owner of an adjacent lot from the improper or unskillful performance of the work done within the scope of such power, his remedy is by an action at law, and not in equity. Clearly a court of equity could not interfere and restrain the performance of the work upon the apprehension of the owner of the lot that it may not be properly performed. 2 High on Injunctions (3 Ed.), secs. 1240, 1242, 1270; 1 Dillon Mun. Corp. (4 Ed.), sec. 94; *Goszler* v. *Corp. of Georgetown,* 6 Wheaton 593; and *Roanoke Gas Company* v. *City of Roanoke,* 88 Va. 810.

The council of the town of Harrisonburg, by the express provisions of its charter, as amended by act of March 3, 1896 (Acts 1895-6, ch. 576, sec. 24, par. 5), is given the authority "to close or extend, widen or narrow, lay out, graduate, curb and pave, and otherwise improve streets, sidewalks, and public alleys

in the town, and have them kept in good order and properly lighted." The grading and laying of the sidewalk in question, as proposed by the council of the town, was thus expressly within the power conferred upon it.

The court, by its decree, not merely perpetually enjoined the town from performing the work in the manner it proposed, but went even further and fixed *permanently* what the grade of the sidewalk in front of the residence of the appellee should be, and minutely prescribed the manner in which the town should do the work. This was plainly beyond the jurisdiction and power of the court. The result of such interference by a court of equity would be to control absolutely the council of a city or town in the exercise of the legislative functions plainly conferred upon it by the charter of the city or town, and to be exercised by the council according to its discretion; to usurp powers expressly conferred upon the council; and to substitute the discretion of the court in the place of that of the council.

It was argued in support of the injunction and decree that the council had delegated to the discretion of its street committee the work of raising the sidewalk in front of the residence of the appellee, which discretionary power was vested in the council alone, and was incapable of being delegated by it. The evidence in the cause refutes the contention. The evidence shows that the work of raising the pavement on the west side of south Main street had been completed from Masonic corner to Cochran's shop, which brought it to the line of appellee's lot. At this stage, as appears from the minutes of the council, upon a report made to it by the street committee, it ordered that " the sidewalk on the west side of Main street, from shop occupied by James Cochran to Bruce street, be raised to the proper level as soon as practicable—estimated costs, $60." The effect of this order was to direct that the sidewalk in front of the residence of the appellee be raised, and by " proper level " was plainly meant that it be raised to correspond with the level of the work that

had been completed from Masonic corner to Cochran's shop. The council ordered the work to be done, prescribed how it should be done, and left its execution to the street committee. This was no undue delegation of power. *Hitchcock* v. *Galveston,* 96 U. S. 341; and 1 Dill. Mun. Corp. (4 Ed.), sec. 96.

It was further contended that the town was estopped from raising the sidewalk in question by reason of a decree of the Circuit Court in a former suit between it and the appellee. It appears from the record that an injunction was awarded the appellee to restrain the town " from prosecuting further the work upon the streets and crossings at the intersection of Main and Bruce streets." The injunction was awarded June 28, 1884, to take effect when a bond in a penalty prescribed was given. The bond was not given until March 22, 1894, nearly ten years after the injunction was awarded. In the mean time the town had gone ahead and executed the work sought to be enjoined. The case was heard and the injunction perpetuated by a decree entered April 13, 1895, years after the completion of the work. The decree in that case cannot serve as an estoppel against the town in this suit. Whether, as contended by counsel for the town, the court was without jurisdiction in that case, because the town was never served with process, and did not voluntarily appear, or the court had no jurisdiction over the subject-matter, and that its decree was therefore void, it is unnecessary to inquire. It is sufficient to say that the subject-matter of the two suits is different—the issues not the same. That suit was to prevent the further prosecution of the work upon which the town was engaged at the intersection of Main and Bruce streets, which was making a fill in and raising Bruce street and the crossing at its intersection with Main street. This suit is to restrain and prevent the town from raising and grading the sidewalk on the west side of south Main street in front of the appellee's lot. The two suits present separate and distinct issues. The work enjoined in the former suit was long ago completed, and that controversy

ended. This suit is to prevent work since resolved upon by the town, of a different kind, and not at the same place. The doctrine of estoppel is inapplicable. *Dillard* v. *Dillard, ante* p 434, and cases there cited. ·

The decree of the Circuit Court must be reversed, the injunctions dissolved, and the bill dismissed.

*Reversed.*