## DYER v. WOODS ET AL.

[No. 20,644. Filed January 25, 1906.]

1. PLEADING. — *Complaint.—Contradictory Theories.—Municipal Corporations.—Street Assessments.*—A complaint showing facts sufficient to render a first street assessment void, and also showing that the board of public works decided that it had jurisdiction to make such assessment, and therefore that it exhausted its authority to make another, can not be held good on both grounds, since if the first was void such board had power to make a second. p. 51.

2. SAME.—*Complaint.—Good as to Part.*—A complaint showing that plaintiff is entitled to part of the relief demanded, is sufficient as against a demurrer. p. 51.

3. PLEADING.—*Complaint.—Inconsistent Theories.—Sufficiency.*— A complaint apparently based upon two inconsistent theories will be construed upon the theory which on the whole seems warranted.  p. 52.

4. SAME.—*Complaint.—Municipal Corporations.—Street Assessments.—Validity.*—A complaint detailing facts purporting to show the invalidity of a street assessment made in 1901 and characterizing such assessment as void, but circumspectly avoiding any direct allegation of facts as to the validity of a subsequent assessment made in lieu thereof in 1904, will be held good if the facts show such prior assessment valid, the prayer of the complaint being to declare void such subsequent assessment. p. 52.

5. MUNICIPAL CORPORATIONS. — *Street Assessments. — Collateral Attack.—Presumption.*—As against a collateral attack, the board of public works is presumed to have jurisdiction to levy street assessments unless the contrary is shown.  p. 53.

6. SAME. — *Street Assessments. — Irregularities. — When Questioned.*—Where a frontager fails to question his street assessment until the completion of the improvement, he can not take advantage of mere irregularities, but must show a want of jurisdiction.  p. 53.

7. SAME. — *Street Assessments. — Description of Property.* — A resolution by the board of public works to build a new sidewalk upon the northeast side of Fourth street, from Locust street to Main street, is sufficient notice to the frontagers thereon, and an incorrect statement of plaintiff's frontage does not vitiate same.  p. 53.

8. PLEADING. — *Complaint. — Municipal Corporations. — Street Assessments.—Notice.—Failure to Set Out.*—Where the complaint to declare void a street assessment fails to set out the notice for such assessment, given to the plaintiff, the presumption obtains that such notice was sufficiently definite to inform plaintiff of the property to be improved.  p. 54.

9. MUNICIPAL CORPORATIONS. — *Street Assessments. — Notice. — Return.*—Where a proper officer served on plaintiff notice of a street assessment, the board of public works had jurisdiction whether the record showed a defective return or none at all. p. 54.

10. SAME. — *Sidewalks. — Repairs: — Order to Build.—Notice.*— Under §3977 Burns 1901, Acts 1895, p. 258, §18, it is not necessary that the board of public works serve on the property owners the order to build sidewalks, such owners being required to take notice of such order as a part of the proceedings.  p. 54.

11. Constitutional Law.—*Due Process.*—*Street Assessments.*— *Statutes.*—Section 3977 Burns 1901, Acts 1895, p. 258, §18, providing for the construction of sidewalks by municipal corporations and the giving of notice thereof and a hearing to interested frontagers does not deprive such frontagers of their property without due process of law. p. 54.

12. Same.—*Due Process.*—*Municipal Corporations.*—*Street Assessments.*—*Statutes.*—Section 3977 Burns 1901, Acts 1895, p. 258, §18, gives the board of public works of certain cities the *quasi*-judicial power to determine upon street improvements; and its action, unless a plain attempt to deprive owners of their property under the guise of law, will not be supervised nor interfered with by the courts. p. 55.

13. Municipal Corporations.—*Street Assessments.*—*Conclusiveness.*—A municipal corporation's decision and judgment in proceedings for street improvements and the assessment of property for the payment of the cost thereof, within the limits of its jurisdiction, is conclusive until set aside in some direct proceeding. p. 56.

14. Appeal and Error.—*Complaint.*—*When Sufficiency Determined Though Not Assigned.*—Where the real questions involved arise on the complaint but the assignments question only the answers and reply, the court will determine the questions by passing upon the sufficiency of the complaint, where no injustice will follow. p. 56.

15. Injunction. — *Street Assessments.*—*Void.*—*Subsequent.*—A frontager has no equitable right to enjoin a second assessment for street improvements, merely by a showing that the first assessment appeared to be valid, when, in fact, he is denying that the first is valid, since if the first is invalid, a second could lawfully be made. p. 57.

From Superior Court of Vanderburgh County; *John H. Foster,* Judge.

Suit by Azro Dyer against Charles S. Woods and others, as constituting the Board of Public Works of the city of Evansville. From a decree for defendants, plaintiff appeals. *Affirmed.*

*George Palmer* and *Louis Ahlering,* for appellant.
*Funkhouser, Hostetter & Funkhouser,* for appellees.

Gillett, C. J.—There seems to be a disagreement between the parties on either side of the record as to whether

this suit, which was instituted by appellant, is to set aside certain proceedings of the board of public works of the city of Evansville on the ground that they created an apparent lien on real estate, or whether the suit is to enjoin appellees, as members of said board, from making a special assessment and certifying the same to the board of finance of said city. A demurrer was overruled to the complaint. Appellees answered in three paragraphs, the first of which was subsequently withdrawn. Appellant unsuccessfully demurred to the second and third paragraphs, and he then filed a reply, to which a demurrer was sustained. Appellant elected to abide his exception to this ruling, and a judgment that he take nothing followed.

The rulings on demurrer to the answers and to the reply are assigned as error. The assignment as to the answers is joint.

It appears from the complaint that at the time of the filing thereof (June 9, 1904), and for five years prior thereto, appellant was the owner in fee simple of a portion of lots 201 and 202 in Donation Enlargement of said city, and that his said real estate has a frontage on Fourth street of 109½ feet, extending from Locust street in the direction of Main street. "On May 18, 1901, said board passed a resolution that it was necessary to construct an artificial stone sidewalk of the width of ten feet, situate on the northeast side of Fourth street, between Main and Locust streets," in which resolution it was recited that appellant was the owner of real estate abutting on said sidewalk, in the language and figures following, to wit:

"Name of Owner Description Lot Block Enlargement
Azro Dyer      34.6 feet  202
Azro Dyer      25    feet  201          Donation."

Facts are then alleged in said complaint showing that the only notice issued by the board for service on the owner of the property recited that Azro Dyer, the appellant, was

the owner of lots 201 and 202, Donation Enlargement, and that the only proof that such notice was served upon the owner consisted of a return of service by the superintendent of police that a police officer had served said notice on said Dyer on May 22, 1901. It is further alleged that, without any further proof of notice, the board, on July 20, 1901, entered on its records an order approving and confirming said resolution, and that on July 24, 1901, said board issued and caused to be served on appellant an order and notice in writing, to the effect that the board ordered the owners of the property situate on the northeast side of Fourth street, between Main and Locust streets, to cause the sidewalks thereon to be brought to the proper grade, and that they cause a sidewalk ten feet wide to be laid thereon within thirty days, and that in default thereof the board would proceed to contract for the work at the owner's expense. This notice had embodied in it the following descriptive words and figures:

| "Names of Owners | Block | Enlargement |
|---|---|---|
| Azro Dyer, 34.5 ft. | 202 | |
| 75 ft. | 201 | Donation." |

The further allegations of said complaint and the prayer for relief are as follows: "Thereafter, for and during a period of more than two years, to wit, from July 24, 1901, until August 12, 1903, a sidewalk ten feet wide, of the proper grade, precisely of the kind required by said order and direction of July 24, 1901, was kept and maintained in front of the real estate owned by plaintiff, as aforesaid, and the same remained in good condition until August 12, 1903, when suddenly, without notice to this plaintiff, and against his consent and over his protest, said sidewalk was torn up and destroyed by the command of said board, who thereupon caused an artificial stone sidewalk to be constructed in place thereof. Plaintiff's said real estate is not situate in the residence district, but the same is used solely for business purposes. On May 18, 1901, there was no

necessity for the construction of an artificial stone sidewalk in front thereof. The brick sidewalk maintained in front thereof from and after July 14, 1901, had prior to May 1, 1901, been constructed in obedience to the ordinances of the city, and had been continuously, from May 1, 1901, kept and maintained in good condition in exact conformity with the ordinance of said city, and was during all of said time, to wit, from May 1, 1901, until August 11, 1903, stronger and superior to the artificial stone sidewalk placed in lieu thereof by order of said board in August, 1903. Neither said plaintiff nor his said real estate received any special benefit from said artificial stone sidewalk which was constructed by command of said board, but, on the other hand, plaintiff's said real estate was injured by the exchange of the brick sidewalk above mentioned for said artificial stone sidewalk. The plaintiff states that the keeping up and maintaining of said sidewalk, of the kind ordered and directed as above set out, from July 25, 1901, until August 12, 1903, was a performance and satisfaction of said resolution of May 18, 1901, approved July 20, 1901, and operated as an estoppel upon said board to prevent any attempt of said board thereafter to enforce said resolution of May 18, 1901. During the year 1903 said board prepared an assessment roll, in which an assessment was fixed against said real estate of the plaintiff in the sum of $129.93, for the cost of said artificial stone sidewalk, and thereafter, on January 16, 1904, said board confirmed said assessment and certified said assessment roll to the department of finance of said city. Notwithstanding said assessment of January 16, 1904, appears to be and remain a lien upon the plaintiff's said real estate, said board, on May 31, 1904, caused to be served on this plaintiff a written notice that it had prepared an assessment list, assessing against lots 201 and 202, Donation Enlargement, the sum of $129.93, for the construction

of a sidewalk abutting on said lots, and that on June 11, 1904, at the hour of 2 o'clock p. m. it would assess said real estate and the owners thereof with the cost of said sidewalk. Plaintiff states that the assessment so threatened to be made on June 11 is and would be for the cost and construction of the identical sidewalk for which assessment has already been made on January 16, 1904, as above set forth. The plaintiff states that the making of said threatened assessment by said board on June 11, 1904, would produce great injury to this plaintiff, and would create a cloud upon the plaintiff's title to his said real estate, and the plaintiff is and would be remediless at law to remove said cloud. Plaintiff states that all of said proceedings of said board, so far as they concern said real estate of the plaintiff, are void for uncertainty in the description of said real estate sought to be affected, and for want of jurisdiction over the subject-matter and the party. Wherefore, the plaintiff prays that a temporary injunction be issued to restrain said defendants from making or attempting to make any further assessment against the plaintiff's real estate, that on a final hearing such injunction be made perpetual, and that all the resolutions and proceedings of said board in respect to plaintiff's real estate be declared void, and for such other and further relief as shall be adjudged equitable in the premises, and for costs."

The contents of the second paragraph of answer need not be stated. The third paragraph of answer purports to plead the facts *in extenso* as to the steps which the board were proceeding to take, and the reasons therefor. In substance said answer alleges that as the notice of the proceedings of January 16, 1904, was not in fact served on the plaintiff, and as the record as to service did not show that the notice had been served by the person who made a return thereof, and as plaintiff was denying the validity of the attempted assessment made on that day, the board, as

it regarded said assessment as invalid, had, by order of record, fixed June 11, 1904, as the date when appellant might remonstrate against said assessment, and had, on May 31, 1904, caused him to be served with a copy of said order. It is further stated in said paragraph that the purpose of said board is not to make two assessments, but to make one valid and binding assessment for the improvement constructed by its order.

The reply contains no really new fact. It merely sets out the notice and the return on which the proceeding of January 16, 1904, was based, and the order of assessment made by the board on that day, and further alleges that the service had never been quashed nor the assessment roll vacated, and that each and all of the proceedings remain in their original form, force and effect.

Taking up the question as to the sufficiency of the complaint, we find it contended by counsel for appellant that it states facts warranting a decree that the assessment of January 16, 1904, was void, and, also, that it shows that the board, having once adjudged that it had jurisdiction to make said assessment, was without further authority in the premises. There are contradictory theories, and, whatever may be said of the complaint, the settled rules of procedure will not permit us to treat it as good on both grounds. Complaints would cease to fulfill their function of advising the defendant of the cause of action sought to be established against him, if the courts permitted such pleadings to take on a protean character that would yield ready subservience to any theory which the exigencies of the contest might render it advisable to adopt. It is true, as stated by counsel for appellant, that the failure of a plaintiff to show by allegations of fact that he is entitled to the entire relief prayed for will not prevent the granting of such relief as is proper; yet there is not sufficient room in any paragraph of complaint for wholly diverse theories as to the cause of action,

and the court will stamp upon the pleading the theory which upon the whole seems warranted, and will require the plaintiff to stand or fall by that theory. In examining the complaint before us we find that its allegations disclose that plaintiff's real estate was not properly described in the resolution of necessity or in the notice thereof, that there was an irregular return of service on such notice, and that an ambiguous notice was served on plaintiff concerning the making of said improvement. There are also allegations that the brick sidewalk complied with the notice of July 24, 1901, that such brick sidewalk was stronger and superior to the one ordered, that appellant's real estate was damaged by the substitution of the new sidewalk, that the making of the threatened assessment of June 11, 1904, would create a cloud upon his real estate, and that all of the proceedings of the board were void for uncertainty in the description of the real estate sought to be affected, and for want of jurisdiction over the subject-matter and over the party. On the other hand, the complaint is silent as to whether there was any notice of the proceedings of January 16, 1904, or as to what the record shows in that behalf, the pleader merely contenting himself with the averment that the assessment of said day "appears to be and remained a lien upon the plaintiff's said real estate." In the face of the particular and general specifications of defects in the proceedings, and with the pleader apparently exercising circumspection to avoid placing himself upon record as to the validity of the proceedings of January 16, 1904, we can not permit plaintiff to use the indefinite and subsidiary allegation with reference thereto, either as a ground for cancelation of that particular part of the proceedings or as an obstacle to the making and certifying of the assessment sought to be enjoined. The complaint evidently rests upon claims of defects which it was conceived went to the right of the board to make any assessment, and

if we find that it discloses that there was a want of authority in the board to proceed with the making of the final assessment sought to be enjoined, because there was a prior defect in the proceedings which stripped it of authority to make a valid assessment, then the complaint is sufficient, but otherwise it is not.

Proceedings upon the part of the Evansville board of public works for the building of sidewalks were provided for at the time in question by §3977 Burns 1901, Acts 1895, p. 258, §18. Where there is a collateral attack upon the proceedings of such a board, involving an effort to oust it of its asserted jurisdiction to proceed, by the interference of a court of equity, a presumption exists in favor of the jurisdiction of the board in the absence of a showing to the contrary (*City of Bloomington* v. *Phelps* (1898), 149 Ind. 596) ; and especially is this true where the complaint discloses that the plaintiff has delayed the bringing of the action until after the completion of the improvement. At such a stage of the proceedings, it is clear that mere irregularities, not going to the jurisdiction, will not vitiate. *Ross* v. *Stackhouse* (1888), 114 Ind. 200 ; *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455.

The complaint in this case contains but a meager showing as to the proceedings which were actually had before said board, and we deem it clear that a lack of jurisdiction is not shown. As to the location of the proposed improvement, there is nothing in the complaint to indicate that it was not so described that each and every property owner could know what property abutted upon it. If, according to the resolution, the sidewalk was to be built upon the northeast side of Fourth street from Locust street to Main street—and there is nothing in the complaint to show to the contrary—that would be a sufficient description. The unnecessary statement as to plaintiff's frontage was as to him a false demonstration. *Allen*

v. *Kersey* (1885), 104 Ind. 1; *Shepherd* v. *Nave* (1890), 125 Ind. 226. Besides, it is to be observed that the notice of such resolution, which it appears was issued, and which plaintiff does not allege that he did not receive, is not set out, and it may be inferred that such notice was so definite as to leave no doubt as to the property which was to be improved. As in the case of any other collateral attack, the plaintiff ought to show what is the condition of the record in respect to the defect of which he complains, and, in the absence of such a showing, the presumption must be against him. *Krug* v. *Davis* (1882), 85 Ind. 309; *Baltimore, etc., R. Co.* v. *North* (1885), 103 Ind. 486; *Bailey* v. *Rinker* (1896), 146 Ind. 129; *Sarber* v. *Rankin* (1900), 154 Ind. 236. The return of service may have been insufficient for want of proof of service by the person whom the return states made it, but if the notice was served in fact, that was sufficient, whether the record disclosed a defective return or showed no return at all. *City of Bloomington* v. *Phelps, supra.*

We find nothing in the statute which requires the order to build the sidewalk to be served on the owner. The contemplation of the statute is that that order is to be entered of record, and as the landowner is in court he must take notice of it. The notice that was served was in nowise calculated to mislead appellant as to his duty in the premises.

Finally, it is contended by appellant's counsel that the proceedings amount to an attempt to deprive the owner of his property without due process of law, but the argument leaves us somewhat uncertain as to whether this contention is based on the statute or on the proceedings as they were actually had thereunder. As to the statute, it is to be observed that provision is made therein for the organization of a tribunal charged with the duty of making street improvements and levying special

assessments therefor.   The property owner receives notice, and has an opportunity for a hearing upon all preliminary questions.   His interests are further conserved by affording him an opportunity to have the work done himself, and, if he does not avail himself of this, he is given notice of a time and place to appear and remonstrate as to the amount of the assessment which has been tentatively fixed against his property.   The authority to levy special assessments has its roots in the taxing power of the legislature, and some measure of discretion must be accorded to that department in the contrivance of ways and means for the fixing of such assessments.   Bearing in mind the right of the landowner to notice, and the opportunity to be heard at the time of embarking upon the enterprise, his right to procure his portion of the work to be done, and the right of notice and the opportunity to be heard as to his share of the cost, if he permits the board to have the work done, it must be said that the statute is one which it was clearly within the scope of the legislative authority to enact.   *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, and cases cited.

As to the procedure under the statute, it is to be remembered that the members of such tribunals exercised a *quasi*-judicial function in respect to many of their acts, and it is their duty, both as a matter of morals and of law, to exercise an honest judgment respecting questions which they are called on to determine.   *Spring Valley Water-Works* v. *Schottler* (1884), 110 U. S. 347, 4 Sup. Ct. 48, 28 L. Ed. 173.   It is the local tribunal, not the courts, that has been charged with the duty of determining upon the necessity of making street improvements and with the levying of assessments therefor; and, there being jurisdiction or authority in the premises, the courts must defer to the judgment of such tribunal in all cases except where it is plain that under the guise of legal proceedings there has been an attempt to deprive a person of his property without due process of law.   *French* v. *Barber*

*Asphalt Pav. Co.* (1900), 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; *Cass Farm Co.* v. *Detroit* (1901), 181 U. S. 396, ,21 Sup. Ct. 644, 45 L. Ed. 914; Elliott, Roads and Sts. (2d ed.), §506; *Ex parte Virginia* (1879), 10 Otto 339, 346, 25 L. Ed. 676; *Indiana, etc., Gas Co.* v. *State, ex rel.* (1902), 158 Ind. 516, 57 L. R. A. 761; *McKinster* v. *Sager* (1904), 163 Ind. 671, 68 L. R. A. 273, and cases cited; 2 Smith, Mun. Corp., §1122. Indeed, the rule, as declared in *Hibben* v. *Smith* (1902), 158 Ind. 206, is that "so long as the board of trustees keeps within the limits of its jurisdiction, its decision or judgment in the premises must be held to be binding and conclusive on all persons concerned until set aside or annulled by some direct proceeding known to the law, based on reasons or grounds which the law recognizes as sufficient for that purpose." And see, also, *Hibben* v. *Smith* (1903), 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195; *City of Kokomo* v. *Mahan* (1885), 100 Ind. 242; *McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407; *Barber Asphalt Pav. Co.* v. *Edgerton, supra; City of Bloomington* v. *Phelps* (1898), 149 Ind. 596; *Shank* v. *Smith* (1901), 157 Ind. 401, 55 L. R. A. 564; *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452. Here, at the most, there was nothing more involved than a mistake in judgment concerning a matter that reasonable minds might differ about, and in such a case the courts will not interfere. We deem it clear that the complaint did not state a cause of action.

As before indicated, a demurrer was overruled to the complaint, and the questions in this case arise on an assignment of error jointly questioning the rulings of the court in overruling the demurrer to the answers and on an assignment based on the sustaining of the demurrer to the reply, but this is a case where the real questions arise upon the complaint. There are cases in which a shifting of theory as between the courts may work

an injustice to a litigant (*Town of Greendale* v. *Suit* [1904], 163 Ind. 282); but here we are informed by counsel for appellee that the court held the complaint good solely on the theory that it showed *prima facie* that the board was attempting to spread a second assessment upon the property after it had already made a valid assessment against it. The rulings on demurrer to the answers indicate that this is true, so we think that it can not be claimed that appellant did not understand that his complaint, as respects its other averments, was still under assault. But the subsequent rulings of the court, so far as we can review them under the assignment of errors, were absolutely right.

The third paragraph of answer stated matter in bar of the complaint considered on the theory of an application to enjoin a second assessment. Appellant had no standing in a court of equity to enjoin the making of a second assessment, merely on the ground that the first appeared to be valid, so long as he was denying its validity. If it was insufficient, he could not use it as a basis for the claim that the board had exhausted its power, and thereby escape all liability. See *Hibben* v. *Smith* (1902), 158 Ind. 206. By the same token the reply was insufficient, so there was no error in sustaining a demurrer thereto. It thus appears that, however viewed, there is no error prejudicial to appellant in the record, and that the judgment should be affirmed. It is so ordered.