## MARTINDALE v. TOWN OF ROCHESTER ET AL.

[No. 21,120. Filed November 24, 1908.]

1. PLEADING.—Complaint.—Injunction.—Collateral Attack.—Notice. —Failure to Negative.—Presumptions.—Street Assessments.—A complaint to enjoin the collection of a street assessment on the grounds that no notice was given of the declaratory resolution for the making of the improvement, or of the time and place for the hearing of objections, is bad, where it fails to negative such notice, the presumption being that proper notice was given. p. 253.

2. MUNICIPAL CORPORATIONS.—Street Improvements.—Public Hearing.—Notice.—Under §8959 Burns 1908, Acts 1905, p. 219, §265, notice of the time and place for a public hearing of a resolution for street improvements must be given by two weekly publications in a newspaper published in the city or town, or, if there be no such paper, then by posting. p. 253.

3. PLEADING.—Complaint.—Injunction.—Municipal Corporations.— Street Improvements.—Declaratory Resolutions.—A complaint to restrain a town from collecting a street assessment on the ground that the declaratory resolution was never acted upon by the board of trustees, which alleges that such resolution "was never confirmed, changed, modified, altered or rescinded by said board," but which does allege that on the next day after the objections thereto the board did adopt and enter of record an order directing the improvement to be made and specifying the material to be

Martindale *v.* Town of Rochester—171 Ind. 250.

used, is insufficient, since the presumption is that such latter order was the final resolution for the improvement. p. 254.

4. MUNICIPAL CORPORATIONS.—*Street Assessments.—Final Order Therefor.—Notice.*—No notice need be given of the adoption of the final resolution ordering street improvements. p. 255.

5. SAME.—*Towns.—Street Improvements.—Statutes Applicable.*— The improvement of streets in towns is governed by §8959 Burns 1908, Acts 1905, p. 219, §265, and not by §8710 Burns 1908, Acts 1905, p. 219, §107, such latter section applying only to cities of the first, second, or third class. p. 256.

6. SAME.—*Street Improvements.—Resolution Therefor.—Kinds of Material.*—A town resolution declaring a certain street improvement a necessity and ordering that it be done with "vitrified shale or clay paving block, or other paving material," is not void under §8959 Burns 1908, Acts 1905, p. 219, §265, providing that such resolution shall state the "kind, size, location and terminal points thereof." p. 257.

7. STATUTES. — *Construction.* — *Street Improvements.* — The provisions of §8959 Burns 1908, Acts 1905, p. 219, §265, that the kind of street improvement shall be determined before the final resolution is adopted, and that the people of a town have the right to petition for the kind of material to be used, and that the board shall have no power to change such petitioned-for material except by a two-thirds vote, and if no petition is filed the final resolution shall set forth the improvement contemplated, and the material to be used, must be construed together, the kind of improvement being determined by the final resolution. p. 258.

8. MUNICIPAL CORPORATIONS.—*Street Improvements.—Final Resolution.—Plans and Specifications.—When to be Filed.*—Under §8959 Burns 1908, Acts 1905, p. 219, §265, providing that "on the adoption" of the final resolution for street improvements the town board shall immediately file plans and specifications, a reasonable time is intended, the purpose being that they shall be filed before the notice for bids is published. p. 258.

9. SAME. — *Street Improvements.* — *Contracts.* — *Surplus Earth to Contractors.*—A street improvement contract providing that the surplus earth shall belong to the contractor is not for that reason rendered void. p. 259.

10. SAME.—*Street Improvement Contracts.—Acceptance of.—Delegation of Duty.*—A town board, in a street improvement contract, may delegate the performance of a ministerial duty connected therewith. p. 260.

11. SAME.—*Street Improvement Contracts.—Acceptance of Work by Engineer.*—A street improvement contract providing that the town engineer shall determine the quantity and quality of material to be used and that his decision shall be conclusive, is valid, in the absence of fraud. p. 261.

Martindale v. Town of Rochester—171 Ind. 250.

12. MUNICIPAL CORPORATIONS.—*Street Improvement Contracts.—Delegation of Duty.—Validity.*—A municipal contract attempting to delegate the board's·duties which cannot be delegated, is, to that extent, void.  pp. 261, 262.

13. CONTRACTS.—*Municipal Corporations.—Powers.—Notice.*—Persons dealing with public corporations are conclusively presumed to take notice of their power to contract, and that they can be bound only to the extent of their authority.˙  p. 261.

14. MUNICIPAL CORPORATIONS.—*Street Improvement Contracts.—"Extras."—Validity.*—A contract to make certain street improvements designated in a town board's final resolution is not void merely because it contains some matters not contained in the resolution, there being no extra pay provided therefor.  p. 262.

15. INJUNCTION. — *Street Assessments.—Irregularities.—Collateral Attack.*—Injunction does not lie to restrain the collection of a street assessment merely because of irregularities.  p. 263.

16. SAME.—*Street Assessments.—Collateral Attack.—Appeal.*—A suit to restrain the collection of a street assessment constitutes a collateral attack thereon ; and only questions going to the jurisdiction of the board in making the assessment are triable therein, other questions being presentable only on an appeal from such assessment.  p. 263.

17. MUNICIPAL CORPORATIONS.—*Street Improvements.—Notice.—Jurisdiction.*—Where a town board passed a declaratory resolution for certain street improvements, gave the required notice for a hearing thereon, and gave such hearing, it has jurisdiction to make an assessment for the improvements so ordered and made.  p. 263.

18. STATUTES.—*Divisible.—Valid in Part.—Street Assessments.*—Even though that part of §8716 Burns 1908, Acts 1905, p. 219, §111, providing that the circuit or superior court shall render judgment on the street assessment made by the appraisers appointed without regard to the justice of such assessment be unconstitutional, the remainder of the statute may be upheld.  p. 264.

19. MUNICIPAL CORPORATIONS.—*Street Assessments.—Injunction.—Time for Suit.—Statutes.*—Under §8959 Burns 1908, Acts 1905, p. 219, §265, suits to enjoin the making of street improvements must be brought within ten days after the letting of the contract ; and as to irregularities existing prior to such ten-day limit no subsequent suit lies.  p. 265.

20. INJUNCTION.—*Street Improvements.—Acquiescence.—Estoppel.*—A property owner who, without a proper objection, permits a contractor to improve a street cannot restrain the collection of an assessment therefor, though the assessment be void, or the statute providing therefor unconstitutional.  p. 265.

21. PLEADING.—*Complaint.—Injunction.—Street Assessments.—Objections,—Definiteness.*—A complaint to restrain the collection of

a street assessment, alleging that the contractor over the protest and against the will of the plaintiff entered upon the performance of the contract therefor and has substantially completed same, without pointing out the objections, does not show that plaintiff is not estopped to maintain such suit. p. 267.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Suit by Warren B. Martindale against the Town of Rochester and others. From a ju   nent for defendants, plaintiff appeals. *Affirmed.*

*Enoch Myers,* for appellant.

*James H. Bibler* and *Holman & Stephenson,* for appellees.

MONKS, J.—After the substantial completion of an improvement of Main street in the town of Rochester, under §8959 Burns 1908, Acts 1905, p. 219, §265, appellant brought this suit to enjoin appellee from making, or attempting to make, or from collecting, any assessment against his real estate abutting on said street, where the same was improved, to pay the cost thereof.

Appellees' demurrer for "want of facts" to the complaint was sustained, and appellant refusing to plead further judgment was rendered against him on demurrer. The only error assigned is the sustaining of said demurrer to the complaint.

It is first claimed that appellee town was without jurisdiction to make said improvement or enter into any contract therefor, because there was "no sufficient notice given of the declaratory resolution adopted November 16, 1905, and of the time when and the place where the board of trustees would hear objections to the necessity of said improvement."

Section 8959, *supra,* provides that "notice of the time and place of hearing such resolution shall be given by two weekly publications, in a newspaper of general circulation, published in such city or town; and if no such paper be published in such city or town," then by posting.

This is the only notice required of such hearing, and as the allegations of the complaint do not show that such notice was not given, it must be presumed, as against this collateral attack, that the proper notice was given. Elliott, Roads and Sts. (2d ed.), §608, p. 638; *Jenkins* v. *Stetler* (1889), 118 Ind. 275; *City of Bloomington* v. *Phelps* (1898), 149 Ind. 596, 599; *Dyer* v. *Woods* (1906), 166 Ind. 44, 53, and cases cited.

It is next insisted that the proceeding was without jurisdiction, and the contract for improvement void, because "said declaratory resolution was never confirmed, changed, modified, altered or rescinded by said board."

Section 8959, *supra,* further provides that "such common council or board of trustees shall meet at the time and place set forth in such notice and shall hear any and all persons who desire to be heard in person, or by attorney, whose property may be affected by the proposed improvement; and upon such hearing such resolution may be confirmed, modified, changed, altered or rescinded, but the kind of improvement to be made shall be determined and specified before the resolution is finally adopted."

It is alleged in the complaint: "That, after the hearing of said objections, said defendant town did not confirm, change, modify, alter or rescind said declaratory resolution by any order, resolution, ordinance or in any other manner, but, on the contrary, afterwards, to wit, on December 9, 1905, said defendant town, by its said board of trustees, by another resolution, adopted and entered of record, ordered the improvement of that part of Main street aforesaid by 'grading and paving with vitrified shale paving block,' and setting marginal curbs and sewer inlets, the width of paving from the south line of Pearl street south to the first alley to be fifty feet between curbs, and thence to the south line of lot four in Jonas Goss's addition to said town, said paving to be forty-two feet between curbs."

The time for hearing objections to said declaratory resolution, as stated in the notice, was December 8, at 7 o'clock p. m.   The resolution adopted December 9, 1905, was concerning the same improvement as that mentioned in the declaratory resolution of November 16, 1905, and it was adopted the next day after the hearing of objections to the declaratory resolution, and as a part of the proceeding for the improvement of said street, and was in form a final, and not a declaratory resolution.   We must presume, therefore, that it was adopted as the final resolution in the proceedings for the improvement of said Main street, the allegations of the complaint not being sufficient to overcome this presumption.   Elliott, Roads and Sts. (2d ed.), §608, p. 638; *City of Bloomington* v. *Phelps, supra; Jenkins* v. *Stetler, supra; Dyer* v. *Woods, supra,* and cases cited.

It is next insisted that said proceeding was without jurisdiction and void, because "no notice was given of the adoption of the resolution on December 9, 1905, and no notice was given of the time and place, when and where, the owners of property affected might present their objections thereto."   It is a sufficient answer to this contention to say that said resolution was the final resolution for said improvement, and no notice thereof is required by the statute.

It is also contended that said board had no jurisdiction to contract for said improvement or cause the same to be made, because (1) the cost of said improvement, as fixed by the contract, exceeded fifty per cent of the aggregate value of the property, as it was assessed for taxation, exclusive of improvements, subject to be assessed to pay for said improvement; (2) the cost of that part of said improvement south of the south line of Perry street, as fixed by said contract, exceeded fifty per cent of the aggregate value of all the real estate within said limits, as the same was assessed for taxation, exclusive of improvements, subject to be assessed to pay for that part of said improvement; (3) the cost of

said improvement was estimated for the entire length thereof per running foot, whereas portions of that part of Main street to be improved were not uniform in the extent and kind of the proposed improvement.

Appellant's said grounds one, two and three for claiming that the board of trustees was without jurisdiction seem to be predicated upon the theory that this proceeding is governed by §8710 Burns 1908, Acts 1905, p. 219, §107, in which, among other things, it is provided: "Nor shall any contract be let for the improvement of any street, alley, or other public place, in any city of the first, second or third class, the total cost of which shall exceed fifty per cent of the aggregate value of the property as it is assessed for taxation, exclusive of the improvements, and subject to be assessed, to pay for said proposed improvement."

It is expressly provided in §8959, *supra*, that the improvement of streets in incorporated towns should be governed by said section and sections 108-120 of the act of 1905, *supra*. Section 107 of said act applies only to improvements in cities of the first, second or third class, and has no application whatever to the improvement of streets or alleys in towns.

It is next insisted by appellant that the board of trustees of appellee town of Rochester had no jurisdiction to order or make such improvement, or to contract therefor, and the same was void, because (1) the declaratory resolution adopted November 16, 1905, was "too indefinite as to the kind of material to be used in the proposed paving, two kinds being named;" (2) "said resolution did not state the size or kind of paving block to be used, nor the size or kind of curbing, nor the extent of excavation contemplated in grading, nor the number, size, kind or character of the sewer inlets to be constructed, and did not declare a necessity for changing the grade of the street at any point between the termini of the proposed improvement;" (3) said board

of trustees did not, prior to the adoption of said final reso-
lution on December 9, 1905, "determine and specify the
kind of improvement to be made;" (4) said board did not,
immediately after the adoption of said final resolution, adopt
detailed plans and specifications of said proposed improve-
ment; (5) "by the terms of the contract, the contractor,
Hoffman, was authorized to sell the earth excavated from
Main street, in front of and adjoining appellant's said real
estate, and to appropriate the proceeds thereof to his own
use;" (6) "said contract authorized the engineer finally and
conclusively to determine its fulfilment, in like manner to
determine the sum of money due to the contractor for work
done, to pass upon the quality of material to be used, and
provided that the contractor shall furnish material and do
work not mentioned nor included in said resolution."

Section 8959, *supra*, provides that whenever the board of
trustees of an incorporated town desires to improve a street
in such town at the expense of the "abutting or ad-
jacent property," "it shall order the same by the
adoption of a resolution declaring such improvement
to be necessary, and also stating the kind, size, location and
terminal points thereof."

It is alleged in the complaint that the board of trustees
"adopted and caused to be entered upon the records a reso-
lution declaring a necessity for the improvement of said
Main street from the south line of Pearl street in said town
to the south line of lot four in Jonas Goss's addition to
Rochester, a distance of about 3,100 feet, by grading and
paving with vitrified shale or clay paving block, or other
paving material, and by setting all necessary curbs and
sewer inlets to the width of forty-two feet." This was a
substantial compliance with that part of §8959, *supra*, here-
tofore set out. The fact that two or more kinds of material
for the improvement of said street were mentioned in said
resolution does not render it void.

Section 8959, *supra*, provides for a hearing by the board of trustees of objections and suggestions in regard to the material to be used, and also provides that the "final

7. determination of the material to be used in the wearing surface, as well as a general designation of the rest of the improvement contemplated, shall be set forth in such final resolution." Section 8959, *supra*, further provides that upon the hearing of the resolution of necessity the same may be confirmed, etc., "but the kind of improvement to be made shall be determined and specified before the resolution is finally adopted." This is followed by a proviso giving the right of petition on the question of the kind of pavement to be used in such improvement, and providing that the board of trustees shall not have the power to make such improvement with any kind of pavement, except that named in the petition, except by a two-thirds vote of the board of trustees. Said section then proceeds as follows: "If there be no such petition filed, the final determination of the material to be used in the wearing surface, as well as general designation of the rest of the improvement contemplated, shall be set forth in such final resolution." The two parts of said section heretofore set out must be read and construed together, and when so read and construed it is evident that "the kind of improvement to be made" is determined by the adoption of the final resolution which contains the "final determination of the material to be used in the wearing surface, as well as the general designation of the rest of the improvement contemplated."

It is alleged in the complaint "that defendant town did not, immediately after the adoption of said resolution, adopt detailed plans and specifications of said improve-

8. ments." It is provided in §8959, *supra*; that, on the adoption of the final resolution, the "board of trustees shall immediately adopt and place on file in  *  *  * the town engineer's office, if there be a  *  *  *  town en-

gineer, and if there be no   *   *   *   town engineer, then·
in the office of the   *   *   *   town clerk, detailed plans and
specifications of such improvement; and upon the adoption
and filing of such detailed plans and specifications by such
*   *   *   board of trustees, it shall at once give notice of
the letting of a contract for such improvement," etc.

The reason for requiring the adoption of detailed plans
and specifications of the proposed improvement, and that
the same be filed in the proper office before notice of the
letting of the contract, is evident. It was required in order
that persons desiring to bid on said work, as well as others
interested, could ascertain and know the amount and kind
of work to be done.

To comply with said provision of said section it is only
necessary to adopt and file detailed plans and specifications
within a reasonable time after the adoption of the final
resolution, and before notice of the letting of said contract.
There is no allegation in the complaint that detailed plans
and specifications were not adopted before notice of the let-
ting of the contract was given, nor are any facts alleged
showing that such detailed plans and specifications were not
adopted and filed in the proper office within a reasonable
time after the adoption of said final resolution.

The provision in the contract, that the contractor might
appropriate the surplus earth from said street, did not ren-
der the proceeding or contract void. The same ques-

9.   tion arose in *Jenkins* v. *Stetler* (1889), 118 Ind. 275,
where the surplus earth taken from a street being
improved was to be the property of the contractor. It was
claimed that this made the proceeding illegal. The court
said at page 277: "We do not find it necessary to inquire
concerning the title to surplus earth which accumulates in
the course of a street improvement. It is not disclosed that
there was any in fact growing out of the improvement in-
volved in the present case; nor that the contractors appro-

priated any· earth belonging to the appellee, or any other person. If it did so appear, the fact would not vitiate the contract so as to exonerate the appellee from paying for the benefit of a completed improvement, which presumably enhanced the value of his property to an amount equal· to the sum assessed against it. The provision in the ordinance in reference to the disposition of the surplus earth, relates to a matter which arose prior to the making of the contract, and by the very terms of the statute is no longer a subject of inquiry. §3165 R. S. 1881; *Ross* v. *Stackhouse* [1888], 114 Ind. 200; *Clements* v. *Lee* [1888], 114 Ind. 397. Where a common council, by taking all the necessary preliminary steps, acquires jurisdiction, and makes a contract for street improvements, a party benefited will not be permitted to stand by until the work is completed, and then claim exoneration when the contractor seeks to obtain pay for his work.''

It is claimed by appellant that the board of trustees ''had no power to delegate to the town engineer the power conclusively to determine the fulfilment of the contract, the amount of money due to the contractor at any time, nor the quality of the material to be used, nor to decide all the questions that might arise,'' and that to the extent the board attempted to confer upon the engineer these extraordinary powers it abdicated its own functions. While the common council of a city or the board of trustees of a town cannot delegate its power to make public improvements, this does not prevent the delegation of the performance of ministerial duties connected with the making of such improvements. 1 Dillon, Mun. Corp. (4th ed.), §§96-98; 1 Abbott, Mun. Corp., §112; 1 Smith, Mun. Corp., §§564, 565; 28 Cyc., 967-969; *Hitchcock* v. *Galveston* (1877), 96 U. S. 341, 24 L. Ed. 659; *Town of Harrisonburg* v. *Roller* (1899), 97 Va. 582, 585, 586, 34 S. E. 523.

It has been held that a contract between a municipal corporation and a contractor for the improvement of a street,

construction of a public sewer, or other public improvement, which provides that the engineer shall determine the quantity and quality of the several kinds of work and material, and their conformity to the contract, and that the same shall be conclusive on the parties, is valid and binding upon the parties, in the absence of fraud, or such gross mistakes as imply bad faith. *Bowman* v. *Stewart* (1895), 165 Pa. St. 394, 30 Atl. 988; *Drhew* v. *City of Altoona* (1888), 121 Pa. St. 401, 15 Atl. 636; *Hostetter* v. *City of Pittsburgh* (1884), 107 Pa. St. 419; *City of Omaha* v. *Hammond* (1876), 94 U. S. 98, 24 L. Ed. 70; *Guild* v. *Andrews* (1905), 137 Fed. 369, 70 C. C. A. 49; *Brady* v. *Mayor, etc.* (1892), 132 N. Y. 415, 30 N. E. 757; *People, ex rel.,* v. *Mayor, etc.* (1892), 65 Hun 321, 20 N. Y. Supp. 236; *Mayor, etc.,* v. *Stewart* (1901), 92 Md. 535, 549, 550, 48 Atl. 165, and cases cited; *Green & Co.* v. *Jackson & Co.* (1880), 66 Ga. 250; *McGuire* v. *City of Rapid City* (1889), 6 Dak. 346, 352-356, 43 N. W. 706, 5 L. R. A. 752; 28 Cyc., 967-969.

It is not necessary, however, for us to determine whether the board of trustees had the authority or right to delegate the powers mentioned to the town engineer, for the reason that to the extent the board had no such power the attempt to delegate the same to said town engineer was void.

Persons dealing with public corporations are charged with notice of their power and authority to contract, and that they can only be bound to the extent of such power and authority (*Johnson* v. *Common Council, etc.* [1861], 16 Ind. 227), and that their officers and agents can only bind them in the manner and to the extent authorized by law. *City of Laporte* v. *Gamewell, etc., Tel. Co.* (1896), 146 Ind. 466, 475, 35 L. R. A. 686, 58 Am. St. 359, and cases cited; *Lee* v. *York School Tp.* (1904), 163 Ind. 339-341, and cases cited.

If said provision in regard to the authority of the town

engineer was an undue delegation of authority, and was therefore unlawful and void, as claimed by appellant, 12. the parties thereto and all others interested were bound to take notice of the extent of power on the part of said town of Rochester to grant such authority to its engineer, and that the same was therefore unlawful and void; but, as said in *Hitchcock* v. *City of Galveston* (1877), 96 U. S. 341, 24 L. Ed. 659: "The contract between the parties is in force so far as it is lawful." It is evident that such want of power, if any, of the board of trustees did not render the other parts of the contract void. *State, ex rel.,* v. *Common Council, etc.* (1894), 138 Ind. 455.

It is alleged in the complaint that the contract for said improvement provided "that the contractor shall furnish materials and do divers other acts for which he is to 14. be paid, but which were not mentioned nor included in the resolution directing said improvement." Appellant contends, in his sixth ground of objection, that said provision in the contract renders the proceeding and contract void. The contractor bid on the work, provided for in the final resolution, and the detailed plans and specifications adopted by the board of trustees and on file in the office of the town engineer. If the contract required the contractor to furnish more material and perform more work than his bid required, appellant has no just grounds for complaint. An objection was made to the contract in *Boyd* v. *Murphy* (1891), 127 Ind. 174, for the reason that it included extra work not specified or mentioned in any resolution or ordinance, or in the advertisement for the bids. The court said at page 177: "Had it [the common council] let the contract to the appellees without requiring the additional improvements, its action would have been conclusive. This being true, we are unable to understand any ground of complaint, because by the contract, as made, additional benefits were secured to the city and its property holders. If the council arrived at the conclusion that the bid of the appel-

lees was the best bid, and at the same time could secure the additional sidewalks and gutters and the waterway, without extra cost to the city, it was eminently proper that it do so."

It is thoroughly settled that on collateral attack irregularities will not make void the proceeding and the contract for the improvement of a street, and this has been 15. extended to the irregularities in what has been termed the acquiring of jurisdiction. *Ross* v. *Stackhouse, supra; McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407; *Barber Asphalt Pav. Co.* v. *Edgerton* (1890), 125 Ind. 455, 463; *Reeves* v. *Grottendick* (1892), 131 Ind. 107; *Hibben* v. *Smith* (1902), 158 Ind. 206; *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452.

This suit is a collateral attack upon the proceeding of the municipal officers, and for that reason only such questions as go to the jurisdiction can be tried. The law is that 16. all questions which are properly triable on appeal, or by some tribunal authorized to try the same, or created for that purpose, must be so tried, and not by injunction. *Taylor* v. *City of Crawfordsville* (1900), 155 Ind. 403, 405, 406, and cases cited. Only such questions as go to the jurisdiction of the board of trustees can be tried by injunction, because if such body has jurisdiction it cannot be enjoined from making the improvement or the assessment of benefits therefor. *Cason* v. *City of Lebanon* (1899), 153 Ind. 567, 574, and cases cited; *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481, 485-487, and cases cited; *Brown* v. *Central Bermudez Co., supra; Edwards* v. *Cooper* (1907), 168 Ind. 54, 70; *Pittsburgh, etc., R. Co.* v. *Taber* (1907), 168 Ind. 419, 425, and cases cited; *Dyer* v. *Woods* (1906), 166 Ind. 44, 56, 57, and cases cited.

For aught that appears in the complaint the board of trustees had full and complete jurisdiction of the subject-matter of said proceeding. It had full and complete 17. jurisdiction of the subject-matter of the improvement of the streets of said town (§§8960, 8961, 8963-8965

Burns 1908, Acts 1905, p. 219, §§266-270; *Cason* v. *City of Lebanon, supra,* and authorities cited; *Brown* v. *Central Bermudez Co., supra,* and cases cited; *Vandalia R. Co.* v. *State, ex rel.* [1906], 166 Ind. 219; 231, 117 Am. St. 370), and of all persons whose property might be affected by said improvement by virtue of the notice given of the time when and the place where objections to said declaratory resolution would be heard. It is evident that nothing in said grounds of objections one to six, inclusive, shows that said proceeding and contract were void.

It is insisted by appellant that "the 'act concerning municipal corporations,' approved March 6, 1905 (Acts 1905, pp. 219-240), is unconstitutional, because, under section 111 of said act [§8716 Burns 1908], the circuit or superior court is compelled to render judgment on the assessment made by the appraisers appointed by it, without regard to the justice of such assessment. That said section deprives each of said courts of its judicial powers and makes it a mere clerk to a board of its own creation." It is not necessary to determine whether appellant's contention as to the duties and powers of the circuit and superior courts under said section is correct, or whether the provisions of said section in regard to the duties and powers of said courts are in violation of §1, article 7, of the Constitution of this State, as claimed by appellant, for the reason that such provisions may be eliminated from said section 111 without affecting or impairing the remainder of said section or the act "as a whole, and it would still be complete in itself and capable of being executed." Such being the case, it is well settled that even if said provision in regard to said courts is unconstitutional, a question we need not and do not determine, the law in other respects should be upheld. *Swartz* v. *Board, etc.* (1902), 158 Ind. 141, 151, 152, and cases cited.

Besides, it will be observed that all the grounds or reasons set out in this opinion, which appellant claims show that the

proceeding and contract for said improvement were void, relate to matters before or at the time of the letting of the contract. It is expressly provided in §8959, *supra,* "that no suit to enjoin the construction of any improvement shall be brought by any property owner unless brought within ten days from the letting of such contract." The object of said statute is evident and its effect just, for it requires the property owner who desires to question the validity of the contract to commence his suit therefor "within ten days from the letting of the contract," that is, before any substantial part of the improvement is made. If the property owner does not commence such suit within the ten days mentioned, he cannot, after the improvement is completed, maintain a suit to enjoin the making or collecting of benefits for any ground existing prior to the expiration of said ten days. So construed, this statute gives effect to a well-settled principle of equity, for it precludes a property owner, who permits a contractor to improve a street, from defeating a recovery for the work because of errors or irregularities which occurred before the time the contract was executed. *Taber* v. *,son* (1887), 109 Ind. 227, 231, and cases cited; *Barber ,nalt Pav. Co.* v. *Edgerton, supra,* and cases cited; *Mc- ,eney* v. *Town of Sullivan, supra; McCoy* v. *Able* (1892), ,31 Ind. 417, 422-426, and cases cited; *DePauw Plate Glass Co.* v. *City of Alexandria* (1899), 152 Ind. 443, 451, 452; *Board, etc.,* v. *Plotner* (1897), 149 Ind. 116, 119, 121, and cases cited.

It was said in the case last cited: "It is a general rule, now fully accepted in this State, that where the owner of property subject to assessment for public improvements stands by and makes no objection to such improvements which benefit his property, he may not deny the authority by which the improvements are made, nor defeat the assessment made against his property for the benefits derived. And this is true, both where the proceedings for the improvement

are attacked for irregularity, and where their validity is denied, but color of law exists for the proceedings. *Palmer* v. *Stumph* [1868], 29 Ind. 329; *Hellenkamp* v. *City of La-Fayette* [1868], 30 Ind. 192; *City of Evansville* v. *Pfisterer* [1870], 34 Ind. 36, 7 Am. Rep. 214; *City of LaFayette* v. *Fowler* [1870], 34 Ind. 140; *Muncey* v. *Joest* [1881], 74 Ind. 409; *City of Logansport* v. *Uhl* [1885], 99 Ind. 531, 50 Am. Rep. 109; *Peters* v. *Griffee* [1886], 108 Ind. 121; *Taber* v. *Ferguson* [1887], 109 Ind. 227; *Ross* v. *Stackhouse* [1888], 114 Ind. 200; *Prezinger* v. *Harness* [1888], 114 Ind. 491; *Western Pav., etc., Co.* v. *Citizens St. R. Co.* [1891], 128 Ind. 525, 10 L. R. A. 770, 25 Am. St. 462; *McCoy* v. *Able* [1892], 131 Ind. 417; *Vickery* v. *Board, etc.* [1893], 134 Ind. 554; *Cluggish* v. *Koons* [1896], 15 Ind. App. 599. In *Vickery* v. *Board, etc., supra,* the proceedings were attacked upon the ground that the law under which they were had was unconstitutional, and this court held that one who receives the benefits under an unconstitutional law cannot deny the constitutionality of such law. In *Cluggish* v. *Koons, supra,* it was held that the proceeding under a law which had been repealed may not be attacked, as invalid, by one who has stood by and permitted his property to be benefited by such proceeding. In *McCoy* v. *Able, supra,* it was said: 'Principle and authority forbid that property owners should be allowed to stand by, inactive and passive, until after the work has been done, and then come in and take from the contractor the value of his work and materials without compensation. For such persons the law has no very tender regard.' In *Ross* v. *Stackhouse, supra,* it was said that 'in any event, one who acquiesces, with knowledge, until after the improvement has been completed, cannot escape payment for the actual benefits received, even though the proceedings turn out to be void, provided the contractor proceeds in good faith and without notice from the property owner. He cannot enjoy the benefits and escape the burden, unless he interferes or gives notice before the

benefit is received.' In *Prezinger* v. *Harness, supra,* it was said: 'The authorities fully justify the statement that, where an improvement is made under color of statutory proceedings, unless such proceedings are so totally and palpably void as that the person who made the improvement or performed the work must have proceeded with a degree of recklessness that amounted to bad faith, the property owner who stood by and received the benefits assessed against his property will be estopped to assert the invalidity of the proceedings without first paying, or offering to pay, the benefits.' ''

Appellant alleged in his complaint that said contractor, Hoffman, over the protest and against the will of the plaintiff, entered upon the performance of said contract, and has substantially completed the same. What said protest was is not alleged. Merely stating to the contractor that appellant was opposed to said improvement, and that he protested against its being made, as we may assume, from the allegations of the complaint, that he did, without calling the contractor's attention to anything affecting the validity of the contract, or that would put the contractor upon inquiry as to its validity, would not in any way avoid the effect of the principle of equity before stated.

Having determined all questions stated in appellant's points (*Inland Steel Co.* v. *Smith* [1907], 168 Ind. 245, 252; *Pittsburgh, etc., R. Co.* v. *Lightheiser* [1907], 168 Ind. 438, 467; *Baltimore, etc., R. Co.* v. *Evans* [1907], 169 Ind. 410, 429), and finding no available error, the judgment is affirmed.